UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAMBRIDGE RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, | ) ) ) | Civ. Action No. 2:19-cv-00754-MPK |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | MEMORANDUM OF LAW IN SUPPORT |
| | ) | OF THE TEAMSTERS LOCAL 710 |
| vs. | ) | PENSION FUND'S MOTION FOR |
| | ) | APPOINTMENT AS LEAD PLAINTIFF |
| EQT CORPORATION, et al., | ) | AND APPROVAL OF SELECTION OF |
| | ) | LEAD COUNSEL |
| Defendants. | ) ) | |
| | ) | |

## I.      INTRODUCTION

This securities class action lawsuit was filed on June 25, 2019, under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 on behalf of : (1) all investors who purchased the common stock of EQT Corporation ("EQT" or the "Company") between June 19, 2017 and October 24, 2018, inclusive (the "Class Period"); and (2) shareholders of EQT and Rice Energy Inc. ("Rice") who held EQT or Rice shares as of the record dates of September 25, 2017, and September 21, 2017, respectively, and were entitled to vote at an EQT or Rice special meeting on November 9, 2017 with respect to EQT's acquisition of Rice, which closed on November 13, 2017 (the "Acquisition").  The suit was also filed under §§11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") on behalf of all persons who purchased or otherwise acquired EQT common stock in exchange for their shares of Rice common stock in the Acquisition.

In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") governs the appointment of a lead plaintiff and lead counsel.  The PSLRA states that the Court "shall appoint the most adequate plaintiff as lead plaintiff."   15 U.S.C. §§78u-4(a)(3)(B)(ii); 77z-1(a)(3)(B)(ii).[1]  Teamsters Local 710 Pension Fund (the "Pension Fund") should be appointed as lead plaintiff because it: (1) timely filed this motion; (2) has the largest financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Pension Fund's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel for the putative class is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.      STATEMENT OF FACTS

The Complaint alleges that EQT, a natural gas production company with primary operations in the Appalachian Basin and throughout Pennsylvania, West Virginia, and Ohio, announced on June 19, 2017, that it had agreed to acquire Rice Energy, Inc., a rival gas producer, in a transaction that valued Rice at $6.7 billion.  Under the terms of the agreement, Rice shareholders would receive 0.37

---

[1]      The PSLRA's provision under the Exchange Act are found at 15 U.S.C. §78u-4, and under the Securities Act at 15 U.S.C. §77z-1.  Because the provisions under each are identical, and for ease of reference, this memorandum will cite to the provisions under the Exchange Act.

4842-4997-7250.v1

shares of EQT common stock and $5.30 per share in cash for each share of Rice stock they owned, for total consideration of $5.4 billion in EQT stock and $1.3 billion in cash.  In connection with the Acquisition, defendants filed a combined registration statement on Form S-4, a prospectus, and a joint proxy statement (together, the "Registration Statement") with the SEC, which the SEC declared effective on October 12, 2017.

The Complaint alleges that defendants falsely stated, among other things, that the Acquisition would yield billions of dollars in synergies based on purported operational benefits.  Specifically, on June 19, 2017, when defendants announced the Acquisition, they represented that because Rice had an acreage footprint largely contiguous to EQT's existing acreage, the Acquisition would allow EQT to achieve "a 50% increase in average lateral [drilling] lengths" (as opposed to more traditional vertical well drilling). ECF No. at ¶3.  EQT claimed that, as a result, the Acquisition would result in $2.5 billion in synergies, including $100 million in cost savings in 2018 alone.  In November 2017, the Company continued to tout the "significant operational synergies" of the Acquisition.  As a result of defendants' misrepresentations, EQT shares traded at artificially inflated prices throughout the Class Period, with its stock price reaching a high of more than $67 per share. [2]

On March 15, 2018, just five months after the Acquisition closed, EQT announced the sudden and unexpected resignation of its CEO.  Then on October 25, 2018, the Company reported poor third-quarter financial results, which it said were caused by an increase in total costs, and disclosed that its estimated capital expenditures for well development in 2018 would increase by $300 million.  As a result, the Company announced it was reducing its full-year forecast for 2018. These disclosures caused the price of EQT shares to decline by 13%, dropping from a close of $40.46 per share on October 24, 2018 to $35.34 per share on October 25, 2018.

---

[2]     Share prices are not adjusted for the effects of the subsequent spin-off of 80% of EQT's midstream business to EQT's shareholders on November 13, 2018.

III.    **ARGUMENT**

    A.    **The Pension Fund Should Be Appointed Lead Plaintiff**

The PSLRA's procedure for the appointment of a lead plaintiff begins by requiring notice to be published regarding the pendency of the action in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

    aa) has either filed the complaint or made a motion in response to a notice . . .;

    (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001).  The Pension Fund meets each of these requirements and should be appointed Lead Plaintiff.

    1.    **The Pension Fund's Motion Is Timely**

On June 25, 2019, the requisite statutory notice was published on *PRNewswire*, advising class members of, among other things, their right to make a motion to be appointed as lead plaintiff 60 days from June 25, 2019, or by August 24, 2019.  *See* Declaration of Alfred G. Yates, Jr. in Support of the Teamsters Local 710 Pension Fund's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Yates Decl."), Ex. A.  August 24, 2019, was a Saturday; thus, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday," is August 26, 2019.  By filing a motion by the statutory deadline, the Pension Fund has satisfied the first statutory requirement for appointment as Lead Plaintiff.

    2.    **The Pension Fund Possesses the Largest Financial Interest**

During the Class Period, the Pension Fund purchased 46,059 shares of EQT common stock, and suffered approximately $464,000 in losses.  *See* Yates Decl., Exs. B, C.  To the best of its counsel's knowledge, no plaintiff claims a larger financial interest than the Pension Fund.

4842-4997-7250.v1

### 3.     The Pension Fund Meets Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cendant*, 264 F.3d at 263 (inquiry "should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

When making the typicality determination, the court "should consider whether the circumstances of the movant with the largest losses 'are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based.'"  *Cendant*, 264 F.3d at 265 (alteration in original) (citation omitted).  And, in "assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether it 'has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'"  *Id.* (alteration in original) (citation omitted).

The Pension Fund purchased EQT stock in reliance on defendants' allegedly materially false and misleading statements and omissions and suffered damages because the stock was artificially inflated.  *See* Yates Decl., Exs. B, C.  The Pension Fund is unaware of any conflict between it and the putative class members.  Finally, the Pension Fund has retained Robbins Geller as counsel, a law firm with vast experience prosecuting securities class actions.  *See id.*, Ex. D.  Because the Pension Fund filed a timely motion, has the largest financial interest in the relief sought by the class, and is typical and adequate of the putative class, the Court should adopt the presumption that they are the presumptive lead plaintiff.

### 4.     The Pension Fund's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, the Pension Fund has selected Robbins Geller, a 200-attorney firm with offices nationwide, which regularly practices complex securities litigation, and has recovered tens of billions of dollars on behalf of injured investors in securities class actions like this. *Id.* The Firm's recoveries on behalf of shareholder classes include some of the largest in history, including $7.2 billion recovered in *In re Enron Corp., Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) (the largest securities class action recovery ever) and $1.575 billion recovered in *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 1:02-cv-05893 (N.D. Ill.) (the largest securities class action recovery following a trial). *Id.* With hundreds of highly skilled attorneys and legal professionals, including forensic accountants, economists, damage analysts, investigators, and paralegals, Robbins Geller provides high quality attention and professionalism to each case and client. District courts throughout the country have recognized Robbins Geller's experience in litigating complex securities class actions and appointed Robbins Geller attorneys to lead roles in landmark complex class action securities cases such as this. *See* Yates Decl., Ex. D. The Pension Fund's selection of Robbins Geller is reasonable and should be approved.

## IV.     CONCLUSION

The Pension Fund satisfies each of the PSLRA's requirements for appointment as Lead Plaintiff. As such, the Pension Fund should be appointed Lead Plaintiff and its selection of Lead Counsel should be approved.

Respectfully submitted,

LAW OFFICE OF ALFRED G.
  YATES, JR., P.C.
ALFRED G. YATES, JR. (PA 17419)


s/ Alfred G. Yates, Jr.
ALFRED G. YATES, JR.

4842-4997-7250.v1

300 Mt. Lebanon Blvd., Suite 206-B
Pittsburgh, PA  15234
Telephone:  412/391-5164
412/471-1033 (fax)
yateslaw@aol.com

Local Counsel

ROBBINS GELLER RUDMAN
   & DOWD LLP
TRICIA L. McCORMICK
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
triciam@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

4842-4997-7250.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on August 26, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Alfred G. Yates, Jr.
ALFRED G. YATES, JR.

LAW OFFICE OF ALFRED G.
        YATES, JR., P.C.
300 Mt. Lebanon Blvd., Suite 206-B
Pittsburgh, PA  15234
Telephone:  412/391-5164
412/471-1033 (fax)

E-mail:  yateslaw@aol.com

4842-4997-7250.v1

## Mailing Information for a Case 2:19-cv-00754-MPK CAMBRIDGE RETIREMENT SYSTEM v. EQT CORPORATION et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Thomas L. Allen**
  tallen@reedsmith.com,sgardner@reedsmith.com,reed-smith-2312@ecf.pacerpro.com,ecf-5be74422dd68@ecf.pacerpro.com

- **M J Burkardt**
  jburkardt@wbklegal.com,mmacphail@wbklegal.com

- **Vincent A. Coppola**
  vcoppola@pribanic.com,gregory@pribanic.com

- **Brian T. Phelps**
  bphelps@reedsmith.com,aimblum@reedsmith.com

- **James L. Rockney**
  jrockney@reedsmith.com,reed-smith-2312@ecf.pacerpro.com,james-rockney-6732@ecf.pacerpro.com

- **Steven A. Schwartz**
  steveschwartz@chimicles.com,karenlwright@chimicles.com

- **Benjamin J. Sweet**
  ben@sweetlawpc.com,marisol@nshmlaw.com,lindsey@nshmlaw.com,alison@nshmlaw.com,holly@nshmlaw.com,jonathan@nshmlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)