UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re EQT Corporation Securities Litigation* | Master Case No. 2:19-cv-00754-RJC |

**DEFENDANTS' RESPONSE TO**
**LEAD PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this response to Lead Plaintiffs' Notice of Supplemental Authority (ECF No. 247) ("Notice"). As further purported support for their motion for class certification, Plaintiffs refer to a recent out-of-circuit decision from the Northern District of California, *City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, No. 18-cv-04844, 2022 WL 1459567 (N.D. Cal. May 9, 2022) ("*Oracle*"). Plaintiffs contend that *Oracle* supports class certification because the court there certified the proposed class (1) despite defendants' argument that plaintiff failed to demonstrate that damages could be measured on a class-wide basis consistent with the requirements of *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013); and (2) based on a finding that the plaintiff's expert had sufficiently identified class-wide "out of pocket" damages, which Plaintiffs say resembles the model submitted by their expert, Dr. Steven Feinstein, here. *See* Notice at 1. Plaintiffs are wrong; if anything, *Oracle* supports Defendants' arguments in opposition to class certification.

As an initial matter, Plaintiffs fail to mention that, unlike this case, *Oracle* concerned a "narrow omission theory" of liability that did not present methodological problems with measuring damages on a class-wide basis consistent with plaintiff's theory of liability. *Oracle*, 2022 WL 1459567 at *7. Indeed, the defendant in that case said that plaintiff's expert's damages disclosure was inadequate, but did not present *any* affirmative countervailing expert evidence challenging the

methodology or explaining why it was inconsistent with plaintiff's liability case. *See Oracle*, 2022 WL 1459567 at *8. Without countervailing expert evidence, the *Oracle* court found the plaintiff's expert disclosures to be sufficient. *Oracle*, 2022 WL 1459567 at *9. Thus, at most, *Oracle* stands for an unremarkable proposition not at issue here—that a plaintiff can satisfy the requirements of *Comcast* through disclosure of a proposed damages methodology that goes unchallenged by any defense expert without offering a full-fledged damages model. *Oracle*, 2022 WL 1459567 at *8 (plaintiff "has adequately disclosed a class-wide damages model under Comcast" through expert disclosure "that a class-wide 'out of pocket' damages model based on omission-based price inflation is feasible . . . to show damages attributable to the 'narrow omission theory' of liability.").

*Oracle* does not even address—much less refute—the kinds of impediments to class certification under *Comcast* that Defendants raised in opposition to class certification here. *See* Defs.' Resp. and Br. Opp. Pls.' Mot. Class Certification, ECF No. 155 at 9-12 ("Opposition" or "Opp."); Defs.' Sur-Reply Opp. Pls.' Mot. Class Certification, ECF No. 186 ("Sur Reply") at 2 n.3. For example, *Oracle* did not concern (as this case does) a damages methodology that failed to distinguish putative class members who, under Plaintiffs' theory of liability, benefited from the alleged fraud from those who did not. *See* Opp. at 10-11; *Comcast*, 569 U.S. at 35 ("[A]t the class-certification stage (as at trial), any model supporting a plaintiff's damages case must be consistent with its liability case[.]" (internal quotation marks and citation omitted)). To the contrary, the *Oracle* court distinguished a case that denied class certification because the proposed damages methodology would result in a windfall to proposed class members, *Oracle*, 2022 WL 1459567 at *10 (distinguishing *Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.* ("OPERS"), No. 4:08-CV-0160, 2018 WL 3861840, at *19 (N.D. Ohio Aug. 14, 2018) ("Dr. Feinstein's proposed

damages methodology would result in a windfall to plaintiffs' proposed class.")),[1] just as former Rice Shareholders would obtain a windfall under Dr. Feinstein's methodology here, Opp. 10-11; Expert Report of Dr. Kenneth M. Lehn ("Lehn Rpt."), ECF No. 156-01, ¶ 36 (June 11, 2021) (Dr. Feinstein's "proposed methodologies provide a windfall for the Rice Shareholders that is inconsistent with Plaintiffs' claims.").

Nor does Oracle concern (as this case does) a damages methodology that failed to measure only those damages attributable to the pertinent theory of liability, by conflating two distinct categories of alleged misstatements subject to distinct theories of liability. *See* Opp. at 11-12 ("Plaintiffs' proposed model . . . calculates damages as though inflation from all of the alleged misstatements were present as of the first day of the Proposed Class Period," despite the fact that certain of the challenged statements had yet to be made); Lehn Rpt. ¶¶ 30-34. To the contrary, as set forth above, the *Oracle* court emphasized that the case before it concerned a single "narrow omissions theory" of liability which it distinguished from cases like this one "involv[ing] various theories of liability" in which the court denied class certification. *Oracle*, 2022 WL 1459567 at *8, *10 (distinguishing *In re BP P.L.C. Secs. Litig.*, No. 10–md–2185, 2013 WL 6388408, at *17 (S.D. Tex. Dec. 6, 2013), on the grounds that *BP* involved "various theories of liability" and failed to show how the damages model would "incorporate—and if necessary, respond to—the various theories of liability").

Indeed, to the extent that *Oracle* is relevant to Plaintiffs' motion for class certification, it supports Defendants' arguments by acknowledging that courts have denied class certification where "defendants' expert affirmatively support[ed] that a class-wide damages model could *not*

[1] Notably, the court in *OPERS* criticized Dr. Feinstein's proposed damages model as well, considering testimony from defendants' expert "identifying various ways in which Dr. Feinstein failed to identify a common methodology for calculating damages consistent with OPERS's theory of liability in the case." *OPERS*, 2018 WL 3861840, at *19.

be constructed." *Oracle*, 2022 WL 1459567 at *10. Defendants have made that evidentiary showing here through the reliable and well-reasoned opinions of their expert, Dr. Lehn. *Compare Oracle*, 2022 WL 1459567 at *10 (noting that the defendants there did not offer any expert evidence at all) *with* Lehn Rpt. ¶¶ 36-40; *see also* Opp. at 10.

For these reasons, as well as those set forth in Defendants' Opposition and Sur-Reply, Defendants respectfully request the Court deny Plaintiffs' motion for class certification.

Dated: May 20, 2022

*/s/ Matthew Solum*

**REED SMITH LLP**
James L. Rockney, Jr. (PA ID #200026)
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Tel: (412) 288-3131
Fax: (412) 288-3063
jrockney@reedsmith.com

**KIRKLAND & ELLIS LLP**
Sandra C. Goldstein, P.C. (NY ID #2198745)
Matthew Solum (NY ID #3007291)
Lindsey Weiss Harris (NY ID #4955605)
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4970
Fax: (212) 446-4900
sandra.goldstein@kirkland.com
msolum@kirkland.com
lindsey.harris@kirkland.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

A copy of the foregoing document was electronically filed with the Court on May 20, 2022. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: May 20, 2022

*/s/ Matthew Solum*

**REED SMITH LLP**
James L. Rockney, Jr. (PA ID #200026)
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Tel: (412) 288-3131
Fax: (412) 288-3063
jrockney@reedsmith.com

**KIRKLAND & ELLIS LLP**
Sandra C. Goldstein, P.C. (NY ID #2198745)
Matthew Solum (NY ID #3007291)
Lindsey Weiss Harris (NY ID #4955605)
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4970
Fax: (212) 446-4900
sandra.goldstein@kirkland.com
msolum@kirkland.com
lindsey.harris@kirkland.com

*Attorneys for Defendants*