EXECUTION COPY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

---

*In re EQT Corporation Securities Litigation*

Case No. 2:19-cv-00754-RJC

---

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of June 25, 2025 (the "Stipulation") is entered into between (a) Lead Plaintiffs Government of Guam Retirement Fund ("Guam"), Eastern Atlantic States Carpenters Annuity Fund (f/k/a Northeast Carpenters Annuity Fund), and Eastern Atlantic States Carpenters Pension Fund (f/k/a Northeast Carpenters Pension Fund) (collectively, "EAS Carpenters," and, together with Guam, "Lead Plaintiffs"), and additional Plaintiff Cambridge Retirement System ("Cambridge" and, collectively with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Class (defined below); and (b) defendant EQT Corporation ("EQT"), and defendants Steven T. Schlotterbeck, Robert J. McNally, David L. Porges, David E. Schlosser, Jr., Jimmi Sue Smith, James E. Rohr, Vicky A. Bailey, Philip G. Behrman, Kenneth M. Burke, A. Bray Cary, Jr., Margaret K. Dorman, Lee T. Todd, Jr., Christine J. Toretti, Daniel J. Rice IV, and Robert F. Vagt (collectively, the "Individual Defendants," and, together with EQT, "Defendants" and, together with Plaintiffs, the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action"). Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with

prejudice the Action and all Released Plaintiffs' Claims as against Defendants and Defendants' Releasees.[1]

WHEREAS:

A.    The initial complaint in this Action was filed on June 25, 2019.  ECF No. 1.  On September 19, 2019, the Court appointed Guam and EAS Carpenters as Lead Plaintiffs, and Bernstein Litowitz Berger & Grossmann LLP and Cohen Milstein Sellers & Toll PLLC as Co-Lead Counsel.  ECF No. 35.

B.    On December 6, 2019, Plaintiffs filed the First Amended Complaint for Violations of the Federal Securities Laws, which sets forth the claims of the Class, including claims under Sections 10(b), 14(a), 20A, and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j(b), 78t-1, 78n(a), and 78t(a)), SEC Rules 10b-5 and 14a-9 (17 C.F.R. §§ 240.10b-5 and 240.14a-9), and Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. §§ 77k, 77l, and 77o).  ECF No. 85.  The Complaint alleged that during the period from June 19, 2017, through and including June 17, 2019, Defendants made materially false or misleading representations and omissions regarding EQT's drilling performance and capability, as well as the purported benefits of EQT's acquisition of competing oil and gas company Rice Energy.  The Complaint alleges false and misleading statements that it asserts concerned, among other things, the combined company's ability to drill 1,200 lateral wells at an average lateral length of 12,000 feet, and to realize $2.5 billion in synergies.  The Complaint asserted that Defendants' alleged misrepresentations and omissions caused investors to purchase

---

[1]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

EQT common stock at artificially inflated prices and/or to approve EQT's proposed acquisition, and to suffer damages when the truth was revealed.

C.    The Court denied Defendants' motion to dismiss the Complaint on December 2, 2020.  ECF Nos. 109-10.

D.    On January 11, 2021, Defendants answered the Complaint, denying Plaintiffs' claims and asserting various affirmative defenses.  ECF No. 113.

E.    On April 2, 2021, Plaintiffs filed a motion for class certification, along with an expert report in support prepared by Dr. Steven Feinstein.  ECF Nos. 139-141.  On June 11, 2021, Defendants filed their opposition to Plaintiffs' motion for class certification, along with an expert report in support prepared by Dr. Kenneth Lehn.  ECF No. 156.  On August 13, 2021, Defendants filed a motion to exclude Dr. Feinstein's rebuttal report and testimony on class certification.  ECF No. 183.  On August 23, 2021, Plaintiffs filed a motion to exclude Dr. Lehn's report and testimony. ECF No. 203.   On August 11, 2022, the Court denied Defendants' motion to exclude Dr. Feinstein's rebuttal expert opinions on class certification and denied Plaintiffs' motion to exclude Dr. Lehn's expert opinions on class certification.  ECF No. 257.  In that same order, the Court also granted Plaintiffs' motion for class certification, certifying the case as a class action on behalf of the Class as defined in ¶ 1(i) below, and appointing Plaintiffs as Class Representatives.  *Id.*  On September 23, 2022, the U.S. Court of Appeals for the Third Circuit denied Defendants' Rule 23(f) petition concerning the Court's order granting class certification. ECF No. 266.

F.    On August 18, 2023, Plaintiffs filed an unopposed motion for Court approval of Plaintiffs' proposed form and manner of providing notice to the Class of the pendency of the class action (ECF Nos. 303-304), and the Court entered an Order granting the motion (ECF No. 305) (the "Class Notice Order").

G.      Pursuant to the Class Notice Order, the Class Notice provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth the deadline and procedures for doing so.  The Class Notice informed Class Members that they might not have the further opportunity to exclude themselves from the Class at the time of any settlement or judgment.  The Class Notice also informed Class Members that if they chose to remain a member of the Class, they would "be bound by any judgment or settlement, whether favorable or unfavorable, in this Action."

H.      The deadline for requesting exclusion from the Class pursuant to the Class Notice was November 17, 2023.  Attached hereto as Appendix A is a list of the persons and entities who requested exclusion from the Class pursuant to the Class Notice.

I.      Discovery in the Action commenced in January 2021 and concluded in June 2024. Pursuant to detailed document requests and substantial negotiations, Defendants produced over 5,000,000 pages of documents to Plaintiffs.  Plaintiffs also produced more than 80,000 pages of documents to Defendants.  Plaintiffs also served subpoenas on and negotiated document discovery with over 50 third parties, including Baker Hughes, Citigroup, Deloitte & Touche, Goldman, Sachs & Co., and Rice Investment Group, and Defendants subpoenaed and negotiated document discovery with 14 third parties, including Plaintiffs' investment managers and consultants, and former employees cited in the Complaint.  In addition, the Parties conducted depositions of 33 fact witnesses, including Individual Defendants and other senior EQT employees, and 9 expert witnesses.  The Parties also served and responded to interrogatories and requests for admission and exchanged numerous letters concerning disputes between the Parties and with nonparties on discovery issues and litigated multiple discovery disputes concerning the production of responsive documents and privilege disputes.

J.     The parties participated in an initial Court-ordered mediation session on March 18, 2021, which did not result in a settlement.  Subsequently, on June 27, 2024, the Parties participated in a mediation session by Zoom with mediator Jed Melnick of JAMS.  In advance of the mediation, the Parties exchanged comprehensive mediation statements attaching documents produced in discovery.  This mediation session did not result in settlement.  However, the Parties agreed that they could continue settlement discussions in the future.

K.     On August 29, 2024, Defendants moved for summary judgment and filed four *Daubert* motions, and Plaintiffs moved for partial summary judgment and filed five *Daubert* motions.  The Parties filed over 1,100 exhibits, and thousands of pages of statements of fact, in connection with the summary judgment and *Daubert* motions.  Defendants also filed a motion to strike portions of Plaintiffs' responses to Defendants' concise statement of undisputed material facts and supplemental statement of fact in connection with the motions for summary judgment.  Briefing on these motions was completed in January of 2025.  The Court has not issued a ruling on any of these motions.

L.     On May 12, 2025, the Parties participated in an additional mediation session by Zoom with mediator Jed Melnick, and once again prepared and submitted mediation statements. The mediation resulted in the Parties agreeing in principle to settle the Action.

M.     On May 12, 2025, the Parties entered into a Term Sheet reflecting their agreement in principle to settle and release all Released Plaintiffs' Claims against Defendants and Defendants' Releasees (defined below) in return for a cash payment of $167,500,000, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

N.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

O.      Based upon Plaintiffs' and Lead Counsel's investigation and prosecution of the case, they have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members of the Class, and in their best interests.  Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

P.      This Stipulation constitutes a compromise of all matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Acquisition" means EQT's acquisition of Rice that was approved at special meetings of EQT and Rice shareholders held on November 9, 2017.

(b)      "Action" means the securities class action in the matter styled *In re EQT Corporation Securities Litigation*, Case No.: 2:19-cv-00754-RJC, in the U.S. District Court for the Western District of Pennsylvania.

(c)      "Alternate Judgment" means an alternative form of final judgment that may be entered by the Court herein in a form substantially similar to the form of Judgment provided for in this Stipulation.

(d)      "Authorized Claimant" means a Class Member who or which submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(e)      "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(f)    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(g)    "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(h)    "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(i)    "Class" means the class certified by the Court's Order dated August 11, 2022 (ECF No. 257). Specifically, the Class consists of all persons and entities who: (i) purchased the common stock of EQT during the Class Period; (ii) held EQT shares as of the record date of September 25, 2017 and were entitled to vote with respect to the Acquisition at the November 9, 2017 special meeting of EQT shareholders; (iii) held Rice shares as of the record date of September 21, 2017 and were entitled to vote with respect to the Acquisition at the November 9, 2017 special meeting of Rice shareholders; and/or (iv) acquired the common stock of EQT in exchange for their shares of Rice common stock in connection with the Acquisition, and were damaged thereby. Excluded from the Class are Defendants, the directors and Officers of EQT, members of their Immediate Families, and affiliates (as defined in 17 C.F.R. § 230.405). Also excluded from the Class are (i) all persons and entities who requested exclusion from the Class in connection with the mailing of the Notice of Pendency of Class Action as set forth in Appendix A; and (ii) if, and only if, the Court requires an additional opportunity for Class Members to request exclusion from the Class, any persons or entities who exclude themselves by submitting a request for exclusion in connection with the Settlement.

(j)      "Class Member" means each person or entity who or which is a member of the Class.

(k)      "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(l)      "Class Period" means the period from June 19, 2017 through June 17, 2019, inclusive.

(m)      "Complaint" means the First Amended Complaint for Violations of the Federal Securities Laws dated December 6, 2019 (ECF No. 85).

(n)      "Contribution Claims" means all statutory or common law claims, rights, demands, suits, matters, issues, or causes of action by any Person against Defendants, or by Defendants against any Person, arising under federal, state, local, foreign, or any other law, rule, or regulation, however styled, whether for indemnification, contribution, claims over, or otherwise, that are based upon, arise out of, or are related to Released Claims

(o)      "Court" means the United States District Court for the Western District of Pennsylvania.

(p)      "Defendants" means EQT and the Individual Defendants.

(q)      "Defendants' Counsel" means Kirkland & Ellis LLP and Reed Smith LLP.

(r)      "Defendants' Releasees" means Defendants and each of their respective predecessors, successors, parent corporations, sister corporations, past, present, or future subsidiaries, affiliates, principals, assigns, assignors, legatees, devisees, executors, administrators, estates, heirs, spouses, Immediate Family Members, receivers and trustees, settlors, beneficiaries, officers, directors, members, shareholders, employees, independent contractors, servants, agents,

partners, insurers, reinsurers, representatives, attorneys, legal representatives, auditors, accountants, and successors-in-interest.

(s)    "Defendants' Releasors" means Defendants and their respective current and former heirs, executors, administrators, predecessors, successors, assigns, officers, directors, principals, partners, members, trustees, estates, attorneys, legal representatives, agents, and employees, in their capacities as such; their respective current and former direct and indirect parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and shareholders, in their capacities as such; anyone validly claiming through or on behalf of any of them; and any other person or entity legally entitled to bring a Released Defendants' Claim on behalf of a Defendant, in that capacity.

(t)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

(u)    "Escrow Account" means an account maintained at Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(v)    "Escrow Agent" means Huntington National Bank.

(w)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(x)    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*,

thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(y)      "EQT" or the "Company" means EQT Corporation.

(z)      "Immediate Family Members" means as defined in 17 C.F.R § 229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

(aa)      "Individual Defendants" means Steven T. Schlotterbeck, Robert J. McNally, David L. Porges, David E. Schlosser, Jr., Jimmi Sue Smith, James E. Rohr, Vicky A. Bailey, Philip G. Behrman, Kenneth M. Burke, A. Bray Cary, Jr., Margaret K. Dorman, Lee T. Todd, Jr., Christine J. Toretti, Daniel J. Rice IV, and Robert F. Vagt.

(bb)      "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(cc)      "Lead Counsel" means the law firms of Bernstein Litowitz Berger & Grossmann LLP and Cohen Milstein Sellers & Toll PLLC.

(dd)    "Lead Plaintiffs" means Government of Guam Retirement Fund and Eastern Atlantic States Carpenters Annuity Fund (f/k/a Northeast Carpenters Annuity Fund), and Eastern Atlantic States Carpenters Pension Fund (f/k/a Northeast Carpenters Pension Fund).

(ee)    "Liaison Counsel" means Plaintiffs' current liaison counsel, Comber Miller LLC, and Plaintiffs' former liaison counsel Weiss Burkardt Kramer LLC.

(ff)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Class), for which Lead Counsel intend to apply to the Court for payment from the Settlement Fund.

(gg)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(hh)    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Class (including, but not limited to, the costs associated with the Class Notice and Settlement Notice); and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(ii)    "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(jj)    "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Class.

(kk)    "Plaintiffs" means Lead Plaintiffs and Cambridge Retirement System.

(ll)    "Plaintiffs' Counsel" means Lead Counsel and Liaison Counsel.

(mm)    "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, and all other Class Members, and each of their respective predecessors, successors, parent corporations, sister corporations, past, present, or future subsidiaries, affiliates, principals, assigns, assignors, legatees, devisees, executors, administrators, estates, heirs, spouses, Immediate Family Members, receivers and trustees, settlors, beneficiaries, officers, directors, members, shareholders, employees, independent contractors, servants, agents, partners, insurers, reinsurers, representatives, attorneys, legal representatives, auditors, accountants, and successors-in-interest.

(nn)    "Plaintiffs' Releasors" means Plaintiffs and all other Class Members, and their respective current and former heirs, executors, administrators, predecessors, successors, assigns, officers, directors, principals, partners, members, trustees, estates, attorneys, legal representatives, agents, and employees, in their capacities as such; their respective current and former direct and indirect parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and shareholders, in their capacities as such; anyone validly claiming through or on behalf of any of them; and any other person or entity legally entitled to bring a Released Plaintiffs' Claim on behalf of a Class Member, in that capacity.

(oo)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Settlement Notice.

(pp)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(qq)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(rr)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(ss)    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, whether arising under federal, state, common, or foreign law, including known claims and Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action.  This release does not cover, include, or release any claims relating to the enforcement of the Settlement.

(tt)    "Released Plaintiffs' Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, issues, claims, and causes of action of every nature and description whatsoever, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, direct or indirect, regardless of legal or equitable theory and whether arising under federal law, state law, statutory law, common law, foreign law, or any other law, rule, or regulation, whether class and/or individual in nature that Plaintiffs, or any other member of the Class: (i) asserted in the Complaint; or (ii) could have asserted in any forum (A) that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint; and (B) that relate to the purchase of EQT common stock during the Class Period, the holding of EQT or Rice shares entitled to vote on the Acquisition, or the acquisition of EQT shares as a result of the Acquisition.  This release does not cover, include, or release: (i) any claims asserted in *Rafa v. Schlotterbeck*, No. GD-21-001752 (Penn. Ct. of Common Pleas, Allegheny Cnty.), or any other related shareholder derivative action;

(ii) any action brought by persons or entities who requested exclusion from the Class; or (iii) any claims relating to the enforcement of the Settlement.

(uu)    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(vv)    "Releases" means the releases set forth in ¶¶ 4-5 of this Stipulation.

(ww)    "Rice" means Rice Energy Inc.

(xx)    "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(yy)    "Settlement Amount" means $167,500,000 (One Hundred Sixty-Seven Million, Five Hundred Thousand Dollars) in cash.

(zz)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(aaa)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(bbb)    "Settlement Notice" means the Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be posted on the case website and mailed and/or emailed to Class Members upon request.

(ccc)    "Summary Settlement Notice" means the Summary Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

15

(ddd)     "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(eee)     "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Plaintiffs' Releasors and Defendants' Releasors shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants acknowledge, and each of the other Plaintiffs' Releasors and Defendants' Releasors shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.      No later than five (5) business days after execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Class, and the scheduling of a hearing for consideration of final approval of the Settlement.  Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

3.      The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

4.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs' Releasors shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants' Releasors shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever

be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

6.    Upon the Effective Date, the terms of 15 U.S.C. § 78u-4(f)(7) shall apply to this Settlement, including that the Judgment shall provide that Contribution Claims shall be barred.

7.    Notwithstanding ¶¶ 4-5 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.    In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees,

(a) Defendants shall cause 25% of the Settlement Amount to be paid into the Escrow Account within the later of (i) thirty (30) calendar days of preliminary approval of the Settlement, or (ii) Lead Counsel's provision of all required funding information, including without limitation wire instructions, verbal confirmation of such instructions, and a Form W-9 with a tax identification number for the qualified settlement fund in which the Settlement Amount is to be deposited; and

(b) Defendants shall cause the remaining 75% of the Settlement Amount to be paid into the Escrow Account no later than forty-five (45) calendar days after the payment deadline set forth in subparagraph (a).

Plaintiffs and the Class shall look solely to the Settlement Fund as satisfaction of all claims that are released hereunder.  Other than the sole and exclusive obligation of Defendants to cause to be paid the Settlement Amount into the Escrow Account, Defendants shall not have any obligation to

make any payment into the Settlement Fund or to any Class Member or their counsel pursuant to this Stipulation or the Settlement.

### USE OF SETTLEMENT FUND

9.      The Settlement Fund shall be used to pay: (a) any Taxes; (b) any reasonable Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-30 below.  But, if the Court does not grant final approval of the Settlement, the interest and payment will be returned to Defendants less any amounts actually incurred or actually expended for reasonable Notice and Administration Costs, within ten (10) business days.

10.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States.  Additionally, if short-term

placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Defendants' Releasees shall not have any liability, obligation, or responsibility for any such Taxes or the payment of such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the

Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel, their agents, or anyone else with respect to the payment of Taxes, as described herein.

13.    The Settlement is a non-recapture settlement. Upon the occurrence of the Effective Date, no Defendant, other Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount, including, without limitation, Defendants' insurance carriers, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants (as defined in the Plan of Allocation), the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all reasonable Notice and Administration Costs actually incurred. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Class Notice, Settlement Notice, and Claim Form, developing the case website and posting the Settlement Notice and Claim Form, publishing the Summary Settlement Notice, reimbursements to nominee owners for identifying beneficial owners or forwarding the Class Notice, Settlement Notice, and Claim Form to beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. Other than the payment of Taxes and reasonable Notice and Administration Costs, no further disbursements shall be made from the Settlement Fund, except with the approval

of the Court.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all reasonable Notice and Administration Costs paid or incurred shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15.    Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund.  Lead Counsel will also apply to the Court for payment of Litigation Expenses, which will include a request for reimbursement of one or more Plaintiffs' costs and expenses directly related to their representation of the Class, to be paid solely from (and out of) the Settlement Fund.

16.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) business days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of

the Settlement embodied herein.  Neither Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

17.     Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.  Other than their obligation to fund the Settlement Amount, neither Defendants nor any other Defendants' Releasee shall have any responsibility whatsoever for or obligation or liability whatsoever with respect to, Lead Counsel's application for, or the allocation of, any award of attorneys' fees or Litigation Expenses. Defendants and Defendants' Releasees will also have no responsibility whatsoever for or obligation or liability whatsoever with respect to any allocation of attorneys' fees or expenses to any other Person who may assert some claim thereto in connection with the settlement of the Action.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  None of the Defendants, nor any of the other Defendants' Releasees, shall have any involvement in or any responsibility, authority, obligation, or liability whatsoever for any act, omission, or determination of or by the Escrow Agent (or any designees or agents thereof), the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, the disbursement of

the Net Settlement Fund, or any losses suffered by, or fluctuations in the value of, the Settlement Fund or Net Settlement Fund. Defendants and the other Defendants' Releasees shall further have no responsibility, obligation, or liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Class Members, or Lead Counsel in connection with the foregoing. Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Settlement Notice and Claim Form to those members of the Class who were previously mailed copies of the Class Notices and any other potential Class Members who may be identified through reasonable effort and post the Settlement Notice and Claim Form on the case website as well. Lead Counsel shall also cause the Claims Administrator to have the Summary Settlement Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

20.    No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than ten (10) business days after Defendants serve the CAFA notice, Defendants shall cause to be served on Lead Counsel proof of Defendants' compliance with the notice requirements of CAFA. The Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment.

21.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share

of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Settlement Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

22.     The Plan of Allocation proposed in the Settlement Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  It is understood and agreed by the Parties that the Plan of Allocation including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding by the Court or any appellate court relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect or delay the finality of the Judgment or Settlement (including the releases contained in the Stipulation), or any other orders entered pursuant to the Stipulation.  Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, or any of the other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

23.     Any Class Member who or which does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and

therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants and other Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

24.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant or Defendants' Releasee shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment.   Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

25.    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Settlement Notice and Claim Form.  Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court

providing that such Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants or other Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

26.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

27.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants.  All Class Members who fail to submit a valid Claim Form or whose Claims are otherwise not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this

Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants and other Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

29.    No person or entity shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants or other Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Plaintiffs and Defendants, and their respective counsel, and Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.    All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

31.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

32.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)     Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and neither Plaintiffs nor Defendants seek to terminate the Settlement and the Alternate Judgment has become Final.

33.     Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants or their insurance carriers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; or (iii) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)    Plaintiffs and Defendants shall revert to their respective positions in the Action as of May 12, 2025.

(c)    The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 1, 14, 16, 38, 49, 51, 62, and 63 shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)    Within ten (10) business days after written notification of termination under the terms of this Stipulation is sent by either Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 16 above), less any reasonable Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the ten (10) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account.  At the request of Defendants' Counsel,

the Escrow Agent or its designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to Defendants or as otherwise directed.

35.     It is further stipulated and agreed that Plaintiffs and Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the Supreme Court of the United States; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the Supreme Court of the United States, and the provisions of ¶ 34 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, solely with respect to an application for an award of attorneys' fees or Litigation Expenses or solely with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement, or affect or delay the finality of the Judgment or the Settlement (including the releases contained therein).

36.     In addition to the grounds set forth in ¶ 35 above, Defendants shall have the option, at their sole discretion, to terminate the Settlement in the event that the total number of persons and entities who validly request exclusion from the Class (including, in the event the Court orders a second opportunity to opt out of the Class in connection with the Settlement, any valid opt-outs

from a subsequent opt-out deadline) meet the conditions set forth in the Parties' confidential supplemental agreement (the "Supplemental Agreement"), in accordance with the terms of that agreement. The motion seeking approval of the Preliminary Approval Order shall request that there will be no additional opportunity for Persons to request exclusion from the Class. If, and only if, the Court in its discretion requires an additional opportunity for Persons to request exclusion from the Class in connection with the Settlement, in addition to the terms set forth in the Parties' Supplemental Agreement, Lead Counsel shall promptly, and certainly no later than five (5) calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' counsel of such request for exclusion and provide copies of such request for exclusion and any documentation accompanying it by email. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Settlement Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between the Parties concerning its interpretation or application, in which event the Settling Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment. Notwithstanding the foregoing, in the event that the Court requires disclosure to the Class of the Supplemental Agreement in whole or in part, the Parties will comply and will not void the Settlement on that basis.

37.     In addition to the grounds set forth in ¶ 35 above, Plaintiffs shall have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 8 above, but only if (a) Lead Counsel have first notified Defendants' Counsel in writing of Plaintiffs' intent to terminate pursuant to this paragraph, and (b) the portion of the Settlement

Amount then due is not deposited in the Escrow Account within five (5) business days after Lead Counsel have provided such written notice.  This remedy is not exclusive; Plaintiffs also have the option to enforce the terms of the Settlement, including Defendants' obligations under ¶ 8.

<u>**NO ADMISSION OF WRONGDOING**</u>

38.    Defendants and the other Defendants' Releasees deny any wrongdoing, liability, or violation of law or regulation whatsoever, and neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants or the other Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the other Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the other Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants or the other Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiffs or the other Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs or the other Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or the other Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs or the other Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

39.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.     Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of

their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

41.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund within ten (10) business days by others, then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 34 above and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any reasonable Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 34 above.

42.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Class Members against Defendants and the other Defendants' Releasees with respect to the Released Plaintiffs' Claims.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this

Action.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.    The Parties agree that there will be no public announcements or disclosure regarding the subject matter of this Settlement, excluding mutually agreed upon, non-public communications with the Court, until Defendants have publicly announced and/or disclosed the existence of the Settlement or the Stipulation has been filed with Court.  The Parties agree that, other than disclosures required by law including public statements made to the Court in order to effectuate the Settlement, any public comments from the Parties regarding this resolution will not substantially deviate from words to the effect that the Parties have reached a mutually acceptable resolution by way of a mediated settlement that will avoid protracted and expensive litigation, and that both sides are satisfied with this resolution.  Nothing in this paragraph shall limit Defendants' ability to continue to publicly state that they believe that the Plaintiffs' claims lack merit and have denied any wrongdoing as well as any liability for the claims made against them, or Plaintiffs' ability to publicly state that they believe their claims were meritorious.

44.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

45.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

47.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

49.    Nothing in this Stipulation, or the negotiations relating hereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

50.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

51.    This Stipulation and the Supplemental Agreement may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

52.     This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment or Alternate Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

53.     This Stipulation and the Supplemental Agreement shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

54.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the Commonwealth of Pennsylvania without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

55.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

56.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

57.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms. Lead Counsel are also expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which Lead Counsel deem appropriate.

58.     Plaintiffs and Lead Counsel represent and warrant that none of Plaintiffs' claims or causes of action in the Action have been assigned, encumbered, or in any manner transferred in whole or in part.

59.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

60.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

  If to Plaintiffs or Lead Counsel:       BERNSTEIN LITOWITZ BERGER &
                                            GROSSMANN LLP
                                  Attn:  Salvatore J. Graziano
                                        Adam H. Wierzbowski
                                1251 Avenue of the Americas
                                New York, NY 10020
                                Telephone: (212) 554-1400
                                Facsimile: (212) 554-1444
                                Email: salvatore@blbglaw.com
                                        adam@blbglaw.com

                                      -and-

<div style="margin-left:40%">

COHEN MILSTEIN SELLERS & TOLL PLLC
Attn:
    Daniel S. Sommers
    S. Douglas Bunch
1100 New York Avenue, N.W.
East Tower, Suite 800
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: dsommers@cohenmilstein.com
      dbunch@cohenmilstein.com

</div>

If to Defendants or Defendants' Counsel:

<div style="margin-left:40%">

KIRKLAND & ELLIS LLP
Attn:  Sandra C. Goldstein, P.C.
      Rachel Fritzler
      Alexander Rodney
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4688
Facsimile: (212) 446-4900
Email: sandra.goldstein@kirkland.com
      rachel.fritzler@kirkland.com
      alexander.rodney@kirkland.com

</div>

61.    Except as otherwise provided herein, each Party shall bear its own costs.

62.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential, except where disclosure may be required by law.

63.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

64.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class

Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of June 25, 2025.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: _____
      Salvatore J. Graziano
Adam H. Wierzbowski
Jesse L. Jensen
Robert Kravetz
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
salvatore@blbglaw.com
adam@blbglaw.com
jesse.jensen@blbglaw.com
robert.kravetz@blbglaw.com

*Co-Lead Counsel for Plaintiffs and the Class*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By: _____
    Steven J. Toll
Daniel S. Sommers
S. Douglas Bunch
1100 New York Avenue, N.W.
East Tower, Suite 800
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com

Christina D. Saler
100 N. 18th Street, Suite 1820
Philadelphia, PA 19103
Telephone: (267) 479-5707
Facsimile: (267) 479-5701
csaler@cohenmilstein.com

Benjamin F. Jackson
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
bjackson@cohenmilstein.com

*Co-Lead Counsel for Plaintiffs and the Class*

**KIRKLAND & ELLIS LLP**

By: _____

Sandra C. Goldstein, P.C.
Rachel Fritzler
Alexander Rodney
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4688
Facsimile: (212) 446-4900
sandra.goldstein@kirkland.com
rachel.fritzler@kirkland.com
alexander.rodney@kirkland.com

**REED SMITH LLP**
James L. Rockney, Jr.
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
jrockney@reedsmith.com

*Counsel for Defendants*

#3716554

# Exhibit A

Exhibit A

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

*In re EQT Corporation Securities Litigation*

Case No. 2:19-cv-00754-RJC

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
## AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT

WHEREAS, a securities class action is pending in this Court entitled *In re EQT Corporation Securities Litigation*, Case No.: 2:19-cv-00754-RJC (the "Action");

WHEREAS, by Order dated August 11, 2022 (ECF No. 257), the Court certified the Action to proceed as a class action on behalf of all persons and entities who: (i) purchased the common stock of EQT Corporation ("EQT") during the period from June 19, 2017 through June 17, 2019, inclusive (the "Class Period"); (ii) held EQT shares as of the record date of September 25, 2017 and were entitled to vote with respect to the Acquisition at the November 9, 2017 special meeting of EQT shareholders; (iii) held Rice shares as of the record date of September 21, 2017 and were entitled to vote with respect to the Acquisition at the November 9, 2017 special meeting of Rice shareholders; and/or (iv) acquired the common stock of EQT in exchange for their shares of Rice common stock in connection with the Acquisition, and were damaged thereby.[1]  The Court also appointed Lead Plaintiffs Government of Guam Retirement Fund, Eastern Atlantic States Carpenters Annuity Fund (f/k/a Northeast Carpenters Annuity Fund), and Eastern Atlantic States

---

[1] Excluded from the Class are Defendants, the directors and Officers of EQT, members of their Immediate Families, and affiliates (as defined in 17 C.F.R. § 230.405). Also excluded from the Class are all persons and entities who requested exclusion from the Class in connection with the mailing of the Notice of Pendency of Class Action as set forth in Appendix A to the Stipulation and Agreement of Settlement dated June 25, 2025 (the "Stipulation").

Carpenters Pension Fund (f/k/a Northeast Carpenters Pension Fund), and additional Plaintiff Cambridge Retirement System as Class Representatives for the Class, and appointed Lead Counsel Bernstein Litowitz Berger & Grossmann LLP and Cohen Milstein Sellers & Toll PLLC as Class Counsel for the Class;

WHEREAS, by Order dated August 18, 2023 (ECF No. 305), the Court approved the proposed form and content of the Class Notice to be disseminated to the Class Members to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) Class Members' right to request to be excluded from the Class by November 17, 2023, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion; and approved the method of dissemination of the Class Notice;

WHEREAS, the Class Notice was mailed beginning on September 18, 2023 to all potential Class Members who could be identified through reasonable effort, resulting in the mailing of 121,654 copies of the Class Notice, and ten (10) requests for exclusion from the Class were received by November 17, 2023 (ECF No. 318, at ¶¶ 4-5, 8, 12).

WHEREAS, (a) Plaintiffs, on behalf of themselves and the Class; and (b) defendant EQT and defendants Steven T. Schlotterbeck, Robert J. McNally, David L. Porges, David E. Schlosser, Jr., Jimmi Sue Smith, James E. Rohr, Vicky A. Bailey, Philip G. Behrman, Kenneth M. Burke, A. Bray Cary, Jr., Margaret K. Dorman, Lee T. Todd, Jr., Christine J. Toretti, Daniel J. Rice IV, and Robert F. Vagt (collectively, the "Individual Defendants," and together with EQT, "Defendants," and, together with Plaintiffs, the "Parties"), have determined to settle and dismiss with prejudice all claims asserted in this Action on the terms and conditions set forth in the Stipulation and

Agreement of Settlement dated June 25, 2025 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto;

WHEREAS, the Parties to the Stipulation have consented to entry of this order; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.      **Settlement Hearing** – Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2025 at __:__ _.m. either in person in Courtroom 8C of the Joseph F. Weis, Jr. U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219, or by telephone or videoconference, for the following purposes: (a) to determine whether the proposed Settlement on

the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants and releasing all claims provided therein against the Releasees; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether Lead Counsel's motion for attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 5 of this Order.

3.      Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or the application of any attorneys' fees or Litigation Expenses submitted by Lead Counsel or Plaintiffs, and such matters shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

4.      The Court reserves the right to modify the date of or adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.  The Court further reserves the right to enter a final judgment approving the Settlement regardless of whether the Court has approved the proposed Plan of Allocation or awarded attorneys' fees or Litigation Expenses.

5.      **Retention of Claims Administrator and Manner of Giving Notice** – A.B. Data, Ltd. ("A.B. Data") was previously retained to supervise and administer the distribution of the Class Notice and receive and process requests for exclusion from the Class.  Lead Counsel are now

authorized to retain A.B. Data as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given as follows:

> (a)    not later than fifteen (15) business days after the date of entry of this Order (such date that is fifteen (15) business days after the date of entry of this Order, the "Notice Date"), the Claims Administrator shall cause copies of the Settlement Notice and Claim Form, substantially in the form attached hereto as Exhibits 1 and 2 (together, the "Settlement Notice Packet"), to be mailed by first-class mail and/or emailed to all potential Class Members who were previously mailed a copy of the Class Notice; and shall cause copies of the Settlement Notice Packet to be mailed to the brokers and other nominees ("Nominees") contained in the Claims Administrator's broker database;

> (b)    by no later than the Notice Date, the Claims Administrator shall cause copies of the Settlement Notice and the Claim Form to be posted on a website previously established for the Action, EQTSecuritiesLitigation.com.  In addition, the Claims Administrator will mail a copy of the Settlement Notice Packet to any person who makes such a request;

> (c)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Settlement Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

> (d)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

6.      **Nominee Procedures** – In connection with the previously disseminated Class Notice, Nominees were advised that if, for the beneficial interest of persons or entities other than themselves, they (i) purchased or acquired EQT common stock during the Class Period; (ii) held EQT common stock as of September 25, 2017; (iii) held Rice common stock as of September 21, 2017; or (iv) acquired EQT common stock in exchange for shares of Rice common stock in connection with the November 2017 acquisition of Rice by EQT, they must either: (a) provide a list of the names, addresses and, if available, email addresses of all such beneficial owners to A.B. Data; or (b) send a copy of the Class Notice by email to all such beneficial owners for whom they had email addresses, and request from A.B. Data sufficient copies of the Class Notice to forward to all such beneficial owners for whom email addresses are not available, and then mail those Class Notices to all such beneficial owners.

(a)      For Nominees who chose the first option (i.e., provided a list of names, addresses and, if available, email addresses of beneficial holders to A.B. Data), A.B. Data shall, by no later than the Notice Date, mail or email a copy of the Settlement Notice Packet to each of the beneficial owners whose names, addresses and/or email addresses the Nominee previously supplied.  Unless the Nominee is aware of eligible beneficial owners whose names and addresses were not previously provided to A.B. Data, or is aware of a name or address change of one of its beneficial owners, such Nominees need not take any further action;

(b)      For Nominees who chose the second option (i.e., elected to mail or email the Class Notices directly to beneficial owners), A.B. Data shall forward the same number of Settlement Notice Packets to such Nominees no later than the Notice Date, and the Nominees shall, by no later than seven (7) calendar days after receipt of the Settlement Notice Packets, mail the Settlement Notice Packets to their beneficial owners;

(c) For Nominees that (i) purchased or acquired EQT common stock during the Class Period; (ii) held EQT common stock as of September 25, 2017; (iii) held Rice common stock as of September 21, 2017; or (iv) acquired EQT common stock in exchange for shares of Rice common stock in connection with EQT's November 2017 acquisition of Rice, for beneficial owners whose names and addresses were not previously provided to A.B. Data or if a Nominee is aware of name, address, or email address changes for beneficial owners whose names, addresses, and email addresses were previously provided to A.B. Data, such Nominees shall, by no later than seven (7) calendar days after receipt of the Settlement Notice Packet, provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to A.B. Data, or shall request from A.B. Data sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners, which the Nominee shall, within seven (7) calendar days of receipt of the Settlement Notice Packets from A.B. Data, mail to the beneficial owners; and

(d) Upon full and timely compliance with this Order, Nominees who mail or email Settlement Notice Packets to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing A.B. Data with proper documentation supporting the expenses for which reimbursement is sought.  Reasonable expenses shall not exceed $0.05 plus postage at the pre-sort rate used by the Claims Administrator per Settlement Notice Packet mailed or emailed.  Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7. **<u>Approval of Form and Content of Notice</u>** – The Court (a) approves, as to form and content, the Settlement Notice, the Claim Form, and the Summary Settlement Notice,

substantially in the form as is attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Settlement Notice and Claim Form and the publication of the Summary Settlement Notice in the manner and form set forth in paragraph 5 of this Order (i) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, and of their right to appear at the Settlement Hearing; (ii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iii) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Settlement Notice and Summary Settlement Notice before they are mailed or published.

8. **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than ten (10) business days after Defendants serve the CAFA notice, they shall cause to be served on Lead Counsel proof of Defendants' compliance with the notice requirements of CAFA.

9. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court

orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

10.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

11.     Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto,

including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants and the other Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 9 above.

12.    **No Further Opportunity to Request Exclusion From the Class** – The Class Notice was mailed to more than 121,000 potential Class Members beginning on September 18, 2023.  ECF No. 318, at ¶ 8.  The Class Notice expressly informed potential Class Members that if they did not request exclusion by November 17, 2023, they would be "bound by all orders, whether favorable or unfavorable, that the Court enters in this case, and [they] may not pursue [their] own lawsuit regarding any of the issues in this Action."  *See* ECF No. 318-1, at 3.  In addition, the longer version of the Class Notice, available online, further expressly stated that Class Members "may not have the right to seek exclusion from the Class at the time of settlement."  ECF No. 318-4, at 5.  In light of this extensive notice program and the ample opportunity provided to Class Members to request exclusion from the Class in connection with the Class Notice, and in accordance with Rule 23(e)(4), there is no need for a further opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings.  *See, e.g.*, *Winn-Dixie Stores, Inc. v. Eastern Mushroom Mkg. Cooperative*, 2020 WL 5211035, at *13 (E.D. Pa. Sept. 1, 2020); *In re Flonase Antitrust Litig.*, 2013 WL 12148283, at *2 (E.D. Pa. Jan. 14, 2013).

13.    **Appearance and Objections at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Court and delivering a notice of appearance to both

10

Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 14 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member that does not enter an appearance will be represented by Lead Counsel.

14.     Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

|     <u>**Lead Counsel**</u>     |     <u>**Defendants' Counsel**</u>     |
|---|---|
| Bernstein Litowitz Berger<br>& Grossmann LLP<br>Adam H. Wierzbowski<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY  10020 | Kirkland & Ellis LLP<br>Sandra C. Goldstein, P.C.<br>601 Lexington Avenue<br>New York, NY 10022 |

-and-

Cohen Milstein Sellers & Toll PLLC
Daniel S. Sommers
S. Douglas Bunch
1100 New York Avenue, N.W.
East Tower, Suite 800
Washington, DC 20005

15.     Any objections, filings, and other submissions by the objecting Class Member must include: (1) the name of this proceeding, entitled *In re EQT Corporation Securities Litigation*, Case No.: 2:19-cv-00754-RJC (W.D. Pa.); (2) the objector's full name, current address, email address (if applicable), and telephone number; (3) the objector's signature; (4) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (5) documents sufficient to prove membership in the Class, including documents showing (a) the number of shares of EQT common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale, and (b) the number of shares of Rice Energy Inc. ("Rice") common stock they held as of the record date of September 21, 2017 and were entitled to vote with respect to the Acquisition at the November 9, 2017 special meeting of Rice shareholders.   The documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

16.     Any Class Member who wishes to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses must also file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in paragraph 14 above so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the

identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

17.    Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

18.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants and the other Defendants' Releasees.

19.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in notifying Class Members of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

20.    **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until

13

such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.    **Taxes** – Lead Counsel and their designees are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting, filings, or refund applications in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

22.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of May 12, 2025, as provided in the Stipulation.

23.    **Use of this Order** – Defendants and the other Defendants' Releasees deny any wrongdoing, liability, or violation of law or regulation whatsoever, and neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants or the other Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption,

concession, or admission by any of the Defendants or the other Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the other Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants or the other Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b) shall be offered against any of the Plaintiffs or the other Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs or the other Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or the other Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs or the other Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

24.    **<u>Supporting Papers</u>** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

25.    **<u>Jurisdiction</u>** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2025.

_____
The Honorable Robert J. Colville
United States District Judge

#3722554

# Exhibit A-1

**Exhibit A-1**

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re EQT Corporation Securities Litigation* | Case No. 2:19-cv-00754-RJC |

## NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:**    **all persons and entities who:**

> **(i) purchased the common stock of EQT Corporation ("EQT") from June 19, 2017 through June 17, 2019 (the Class Period");**
>
> **(ii) held EQT shares as of the record date of September 25, 2017 and were entitled to vote with respect to EQT's acquisition (the "Acquisition") of Rice Energy Inc. ("Rice") at the November 9, 2017 special meeting of EQT shareholders;**
>
> **(iii) held Rice shares as of the record date of September 21, 2017 and were entitled to vote with respect to the Acquisition at the November 9, 2017 special meeting of Rice shareholders; and/or**
>
> **(iv) acquired the common stock of EQT in exchange for their shares of Rice common stock in connection with the Acquisition**

**and were damaged thereby (collectively, the "Class"):**

*A Federal Court authorized this Settlement Notice.*
*This is not a solicitation from a lawyer.*

**NOTICE OF SETTLEMENT:** Please be advised that the Lead Plaintiffs Government of Guam Retirement Fund ("Guam"), Eastern Atlantic States Carpenters Annuity Fund (f/k/a Northeast Carpenters Annuity Fund), and Eastern Atlantic States Carpenters Pension Fund (f/k/a Northeast Carpenters Pension Fund) (together, "EAS Carpenters"), and additional Plaintiff Cambridge Retirement System (collectively, "Plaintiffs"), on behalf of themselves and the Class (as defined in ¶ 23 below), have reached a proposed settlement of the Action for **$167,500,000** in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court,**

**EQT, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 70 below).** [1]

1.  **Description of the Action and the Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging that EQT and certain of its officers and directors, Steven T. Schlotterbeck, Robert J. McNally, David L. Porges, David E. Schlosser, Jr., Jimmi Sue Smith, James E. Rohr, Vicky A. Bailey, Philip G. Behrman, Kenneth M. Burke, A. Bray Cary, Jr., Margaret K. Dorman, Lee T. Todd, Jr., Christine J. Toretti, Daniel J. Rice IV, and Robert F. Vagt (together, the "Individual Defendants"), violated the federal securities laws by making false and misleading statements during the Class Period regarding EQT's drilling performance and capability, as well as the purported benefits of EQT's acquisition of competing oil and gas company Rice Energy Inc.  A more detailed description of the Action is set forth in paragraphs 10-22 below.  If the Court approves the proposed Settlement, the Action will be dismissed and members of the Class (defined in paragraph 23 below) will settle and release all Released Plaintiffs' Claims (defined in paragraph 34 below).

2.  **Statement of the Class's Recovery:**  Subject to Court approval, Plaintiffs, on behalf of themselves and the Class, have agreed to settle the Action in exchange for a settlement payment of $167,500,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any reasonable Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court; and (e) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class.  The proposed plan of allocation (the "Plan of Allocation") is attached hereto as Appendix A.

3.  **Estimate of Average Amount of Recovery Per Share:**  Based on Plaintiffs' damages expert's estimate of the number of EQT common shares that may have been affected by the misstatements alleged in the Action and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.54 per eligible share of EQT common stock (including EQT shares acquired in exchange for shares of Rice common stock).  **Class Members should note, however, that the foregoing average recoveries per share are only estimates.**  Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased or sold their EQT common stock, and the total number and value of valid Claim Forms submitted.  Distributions to Class Members will be made based on the Plan of Allocation set forth in Appendix A or such other plan of allocation as may be ordered by the Court.

4.  **Average Amount of Damages Per Share:**  The Parties disagree about both liability and damages and do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any Class Members as a result of their conduct.

5.  **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings set forth in the Stipulation and Agreement of Settlement dated June 25, 2025 (the "Stipulation"), which is available at EQTSecuritiesLitigation.com.

representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP and Cohen Milstein Sellers & Toll PLLC, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 28% of the Settlement Fund.  In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $9,250,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  If the Court approves Lead Counsel's fee and expense application, the estimated average cost will be per $0.18 per affected share of EQT common stock.

6.    **Identification of Attorneys' Representatives**:  Plaintiffs and the Class are represented by Adam H. Wierzbowski of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, (800) 380-8496, settlements@blbglaw.com; and Daniel S. Sommers and S. Douglas Bunch of Cohen Milstein Sellers & Toll PLLC, 1100 New York Avenue, N.W., East Tower, Suite 800, Washington, DC 20005, (202) 408-4600, dsommers@cohenmilstein.com and dbunch@cohenmilstein.com.

7.    **Reasons for the Settlement:**  Plaintiffs' principal reason for entering into the Settlement is the immediate cash benefit for the Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery—or no recovery at all—might be achieved after a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** *POSTMARKED OR SUBMITTED ONLINE* **NO LATER THAN _____, 2025.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 34 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 35 below), so it is in your interest to submit a Claim Form. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS** *RECEIVED* **NO LATER THAN _____, 2025.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member. |

| | |
|---|---|
| **GO TO A HEARING ON _____, 2025 AT __:00 __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS _RECEIVED_ NO LATER THAN _____, 2025.** | Filing a written objection and notice of intention to appear by _____, 2025 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options—and the deadlines to exercise them—are further explained in this Notice. Please Note: the date and time of the Settlement Hearing—currently scheduled for _____, 2025 at __:00 _.m. Eastern Time—is subject to change without further notice to the Class.  If you plan to attend the hearing, you should check the case website, EQTSecuritiesLitigation.com, or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?                                                                     Page [___]
What Is This Case About?                                                                       Page [___]
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Class?                                               Page [___]
What Are Plaintiffs' Reasons For The Settlement?                                               Page [___]
What Might Happen If There Were No Settlement?                                                 Page [___]
How Are Class Members Affected By The Action And The Settlement?                               Page [___]
How Do I Participate In The Settlement?  What Do I Need To Do?                                  Page [___]
How Much Will My Payment Be?                                                                   Page [___]
What Payment Are The Attorneys For The Class Seeking?
   How Will The Lawyers Be Paid?                                               Page [___]
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
   Don't Like The Settlement?                                                  Page [___]
What If I Bought or Held EQT or Rice Common Stock On Someone Else's Behalf?                    Page [___]
Can I See The Court File?  Whom Should I Contact If I Have Questions?                           Page [___]
Appendix A: Plan of Allocation of the Net Settlement Fund                                      Page [___]

## WHY DID I GET THIS NOTICE?

8.     The purpose of this Settlement Notice is to inform potential Class Members of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for attorneys' fees and Litigation Expenses (the "Settlement Hearing").  *See* ¶¶ 55-56 below for details about the Settlement Hearing, including the date and location of the hearing.

9.     The issuance of this Settlement Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

10.     The initial complaint in this Action was filed on June 25, 2019.  On September 19, 2019, the Court appointed Guam and EAS Carpenters as Lead Plaintiffs, and Bernstein Litowitz Berger & Grossmann LLP and Cohen Milstein Sellers & Toll PLLC as Co-Lead Counsel.

11.     On December 6, 2019, Plaintiffs filed the First Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), which sets forth the claims of the Class, including claims under Sections 10(b), 14(a), 20A, and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), SEC Rules 10b-5 and 14a-9, and Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act").  The Complaint alleged that during the period from June 19, 2017, through and including June 17, 2019, Defendants made materially false or misleading representations and omissions regarding EQT's drilling performance and capability, as well as the purported benefits of EQT's acquisition of competing oil and gas company Rice Energy.  The Complaint alleged false and misleading statements that it asserts concerned, among other things, the combined company's ability to drill 1,200 lateral wells at an average lateral length of 12,000 feet, and to realize $2.5 billion in synergies.  The Complaint asserted that Defendants' alleged misrepresentations and omissions caused investors to purchase EQT common stock at artificially inflated prices and/or to approve EQT's proposed acquisition of Rice, and to suffer damages when the truth was revealed.

12.     The Court denied Defendants' motion to dismiss the Complaint on December 2, 2020.  On January 11, 2021, Defendants answered the Complaint, denying Plaintiffs' claims and asserting various affirmative defenses.

13.     On April 2, 2021, Plaintiffs filed a motion for class certification.  On August 11, 2022, the Court granted Plaintiffs' motion for class certification, certifying the case as a class action on behalf of the Class as defined in ¶ 23 below, and appointing Plaintiffs as Class Representatives. On September 23, 2022, the U.S. Court of Appeals for the Third Circuit denied Defendants' Rule 23(f) petition seeking immediate review of the Court's order granting class certification.

14.     On August 18, 2023, Plaintiffs filed an unopposed motion for Court approval of Plaintiffs' proposed form and manner of providing notice to the Class of the pendency of the class action, and the Court entered an Order granting the motion.  The Class Notice provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth the deadline and

procedures for doing so. The Class Notice informed Class Members that if they did not request exclusion from Class, they would "be bound by all orders, whether favorable or unfavorable, that the Court enters in this case." The more detailed version of the Class Notice further stated that the Class Members "may not have the right to seek exclusion from the Class at the time of settlement or judgment."

15. The Class Notice was mailed to all potential Class Members who could be identified beginning on September 18, 2023. The deadline for requesting exclusion from the Class was November 17, 2023. Attached to the Stipulation as Appendix A and available at EQTSecuritiesLitigation.com, is a list of the persons and entities who requested exclusion from the Class.

16. Discovery in the Action commenced in January 2021 and concluded in June 2024. Pursuant to detailed document requests and substantial negotiations, Defendants produced over 5 million pages of documents to Plaintiffs. Plaintiffs also produced more than 80,000 pages of documents to Defendants. Plaintiffs also served subpoenas on and negotiated document discovery with over 50 third parties, and Defendants subpoenaed and negotiated document discovery with 14 third parties. In addition, the Parties conducted depositions of 33 fact witnesses, including Individual Defendants and other senior EQT employees, and nine expert witnesses. The Parties also served and responded to interrogatories and requests for admission and exchanged numerous letters concerning disputes between the Parties and with nonparties on discovery issues and litigated multiple discovery disputes concerning the production of responsive documents and privilege disputes.

17. The parties participated in an initial Court-ordered mediation session on March 18, 2021, which did not result in a settlement. Subsequently, on June 27, 2024, the Parties participated in a mediation session by Zoom with mediator Jed Melnick of JAMS. In advance of the mediation, the Parties exchanged comprehensive mediation statements attaching documents produced in discovery. This mediation session did not result in settlement. However, the Parties agreed that they would continue settlement discussions in the future.

18. On August 29, 2024, Defendants moved for summary judgment and filed four *Daubert* motions, and Plaintiffs moved for partial summary judgment and filed five *Daubert* motions. The Parties filed over 1,100 exhibits, and thousands of pages of statements of fact, in connection with the summary judgment and *Daubert* motions. Briefing on these motions was completed in January 2025. Defendants also filed a motion to strike portions of Plaintiffs' responses to Defendants' concise statement of undisputed material facts and supplemental statement of fact in connection with the motions for summary judgment. Briefing on these motions was completed in January of 2025. The Court has not issued a ruling on any of these motions.

19. On May 12, 2025, the Parties participated in an additional mediation session by Zoom with mediator Jed Melnick, and once again prepared and submitted mediation statements. The mediation resulted in the Parties agreeing in principle to settle the Action.

20. On May 12, 2025, the Parties entered into a Term Sheet reflecting their agreement in principle to settle and release all Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees (defined below) in return for a cash payment of $167,500,000, subject to certain terms and conditions including the execution of a customary "long form" stipulation and agreement of settlement and related papers.

21. On June 25, 2025, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the full terms and conditions of the Settlement. The Stipulation can be viewed at EQTSecuritiesLitigation.com.

22.    On [_____], 2025, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?

---

23.    If you are a member of the Class, you are subject to the Settlement, unless you previously requested to be excluded from the Class.  The Class was certified by the Court's Order dated August 11, 2022 and consists of:

**all persons and entities who:**

> **(i) purchased the common stock of EQT during the period from June 19, 2017 through June 17, 2019 (the "Class Period");**

> **(ii) held EQT shares as of the record date of September 25, 2017 and were entitled to vote with respect to the Acquisition at the November 9, 2017 special meeting of EQT shareholders;**

> **(iii) held Rice shares as of the record date of September 21, 2017 and were entitled to vote with respect to the Acquisition at the November 9, 2017 special meeting of Rice shareholders; and/or**

> **(iv) acquired the common stock of EQT in exchange for their shares of Rice common stock in connection with the Acquisition,**

**and were damaged thereby.**

Excluded from the Class are Defendants, the directors and Officers of EQT, members of their Immediate Families, and affiliates (as defined in 17 C.F.R. § 230.405).  Also excluded from the Class are all persons and entities who previously requested exclusion from the Class in connection with the mailing of the Class Notice.    A list of the persons and entities who requested exclusion is available at EQTSecuritiesLitigation.com.

**Please Note:**  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive proceeds from the Settlement.

**If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form, which is being distributed with this Settlement Notice, and the required supporting documentation as set forth therein postmarked (or submitted online) no later than _____, 2025**

---

### WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

---

24.    Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.   The Court denied Defendants' motion to dismiss and certified the Class, and the Parties engaged in extensive discovery.    Nonetheless, there were very significant risks to ongoing litigation, including from Defendants' pending motion for summary judgment and the risk of an adverse outcome at trial.   In particular, Plaintiffs faced risks with respect to proving falsity, scienter, loss causation, and damages.

25.   First, many of the alleged false statements in the Action concerned the expected benefits or "synergies" of EQT's acquisition of Rice. Those were metrics that jurors might find difficult to quantify, and jurors might find that Defendants' statements about the merger synergies were not false when made, but were only subsequently revealed to be optimistic projections. Further, Defendants had significant arguments that certain internal analyses relevant to Plaintiffs' claims were conducted by lower-level EQT employees, rather than by the most senior management. Defendants were expected to argue that EQT's most senior executives were not privy to certain details, and therefore the Individuals Defendants did not make the challenged statements with the required culpable state of mind (i.e., the intent to mislead or "scienter") and had no motives to mislead investors.

26.   The case also presents numerous fact-intensive issues about the amount of drilling acreage that was available to EQT and Rice, and the ultimate determination of those issues would likely turn on a battle between the Parties' competing experts at trial, the outcome of which is difficult to predict. In addition, Defendants moved the Court to exclude the opinions and methodologies of Plaintiffs' experts, and it is not clear whether the Court would deny any or all of those motions, or seek to limit certain experts' opinions, which could have unpredictable impacts on Plaintiffs' trial strategy and ultimate success at trial.

27.   Defendants would also have raised significant challenges to loss causation and damages (including "negative causation" arguments with respect to the Securities Act claims). Defendants would argue that EQT's stock price declined for reasons unrelated to the alleged misstatements, and that Plaintiffs' experts had not adequately identified the portion of the stock price declines caused by the alleged misstatements as opposed to non-fraud-related factors. Defendants would also likely argue that Plaintiffs are not entitled to recover the value of stock price declines that occurred one or two trading days after the alleged corrective disclosures.

28.   In light of these and other risks, the amount of the Settlement, and the immediacy of recovery to the Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. The Settlement provides a substantial benefit to the Class, namely $167,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery at all, after further pretrial proceedings, at trial, and on any appeals, possibly years in the future.

29.   Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, or wrongdoing whatsoever. Defendants further deny that Class Members were harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

30.   If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other Class Members would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at trial or on appeal, the Class could recover less than the amount provided in the Settlement, or nothing at all.

| HOW ARE CLASS MEMBERS AFFECTED |
| BY THE ACTION AND THE SETTLEMENT? |

31.   As a Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [__] below.

32.   If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [__] below.

33.   If you are a Class Member, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each and every Class Member, and their respective current and former heirs, executors, administrators, predecessors, successors, assigns, officers, directors, principals, partners, members, trustees, estates, attorneys, legal representatives, agents, and employees, in their capacities as such; their respective current and former direct and indirect parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and shareholders, in their capacities as such; anyone validly claiming through or on behalf of any of them; and any other person or entity legally entitled to bring a Released Plaintiffs' Claim on behalf of a Class Member, in that capacity (collectively, "Plaintiffs' Releasors"), will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 34 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 35 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants or the other Defendants' Releasees.

34.   "Released Plaintiffs' Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, issues, claims, and causes of action of every nature and description whatsoever, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, direct or indirect, regardless of legal or equitable theory and whether arising under federal law, state law, statutory law, common law, foreign law, or any other law, rule, or regulation, whether class and/or individual in nature that Plaintiffs, or any other member of the Class: (i) asserted in the Complaint; or (ii) could have asserted in any forum (A) that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint; and (B) that relate to the purchase of EQT common stock during the Class Period, the holding of EQT or Rice shares entitled to vote on the Acquisition, or the acquisition of EQT shares as a result of the Acquisition.  This release does not cover, include, or release: (i) any claims asserted in *Rafa v. Schlotterbeck*, No. GD-21-001752 (Penn. Ct. of Common Pleas, Allegheny Cnty.), or any other related shareholder derivative action; (ii) any action brought by persons or entities who requested exclusion from the Class; or (iii) any claims relating to the enforcement of the Settlement.

35.   "Defendants' Releasees" means Defendants and their respective current and former heirs, executors, administrators, predecessors, successors, assigns, officers, directors, principals, partners, members, trustees, estates, attorneys, legal representatives, agents, and employees, in their capacities as

such; their respective current and former direct and indirect parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and shareholders, in their capacities as such; anyone validly claiming through or on behalf of any of them; and any other person or entity legally entitled to bring a Released Defendants' Claim on behalf of a Defendant, in that capacity.

36.    "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Plaintiffs' Releasors and Defendants' Releasors shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants acknowledge, and each of the other Plaintiffs' Releasors and Defendants' Releasors shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

37.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants and their respective current and former heirs, executors, administrators, predecessors, successors, assigns, officers, directors, principals, partners, members, trustees, estates, attorneys, legal representatives, agents, and employees, in their capacities as such; their respective current and former direct and indirect parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and shareholders, in their capacities as such; anyone validly claiming through or on behalf of any of them; and any other person or entity legally entitled to bring a Released Defendants' Claim on behalf of a Defendant, in that capacity (collectively, "Defendants' Releasors"), will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 38 below) against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 39 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs or other Plaintiffs' Releasees.

38.    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, whether arising under federal, state, common, or foreign law, including known claims and Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action. This release does not cover, include, or release any claims relating to the enforcement of the Settlement.

39.    "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, and all other Class Members, and each of their respective predecessors, successors, parent corporations, sister corporations, past, present, or future subsidiaries, affiliates, principals, assigns, assignors, legatees, devisees, executors, administrators, estates, heirs, spouses, Immediate Family Members, receivers and trustees, settlors, beneficiaries, officers, directors, members, shareholders, employees, independent contractors, servants,

agents, partners, insurers, reinsurers, representatives, attorneys, legal representatives, auditors, accountants, and successors-in-interest.

| HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO? |
|---|

40.    To be eligible for a payment from the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online* **at EQTSecuritiesLitigation.com no later than _____, 2025**.  A Claim Form is included with this Settlement Notice, or you may obtain one from the website maintained by the Claims Administrator for the case, EQTSecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-877-388-1761 or by emailing the Claims Administrator at info@EQTSecuritiesLitigation.com.  **Please retain all records of your ownership of and transactions in EQT common stock, as they will be needed to document your Claim.**  The Parties and Claims Administrator do not have information about your transactions and holdings in EQT common stock.

41.    If you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
|---|

42.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

43.    Pursuant to the Settlement, Defendants have agreed to cause $167,500,000 in cash (the "Settlement Amount") to be paid into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the reasonable costs and expenses incurred in connection with providing notices to Class Members and administering the Settlement on behalf of Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any other costs or fees approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

44.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

45.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.  But, if the Court does not grant final approval of the Settlement, the settlement payment and accrued interest will be returned to Defendants less any amounts actually incurred or actually expended for reasonable Notice and Administration Costs, within ten (10) business days.

46.    Approval of the Settlement is independent from approval of a plan of allocation.    Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

47.    Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked (or submitted online) on or before _____, 2025 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 34 above) against the Defendants and other Defendants' Releasees (as defined in ¶ 35 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants or the other Defendants' Releasees whether or not such Class Member submits a Claim Form.

48.    Participants in and beneficiaries of any employee retirement and/or benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to shares of EQT or Rice common stock purchased or held through the ERISA Plan in any Claim Form they submit in this Action.  They should include ONLY shares of EQT or Rice common stock purchased or held outside of an ERISA Plan.  Claims based on any ERISA Plan's purchases or holdings of EQT or Rice common stock may be made by the plan's trustees.

49.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

50.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

51.    Only Class Members or persons authorized to submit a claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Class by definition or that previously excluded themselves from the Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

52.    **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Plaintiffs.  At the Settlement Hearing, Plaintiffs will request that the Court approve the Plan of Allocation.  The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.**

| **WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?** |
| :---: |
| **HOW WILL THE LAWYERS BE PAID?** |

53.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 28% of the Settlement Fund.  At the same time, Lead Counsel also intend to apply for payment of Litigation Expenses in an amount not to exceed $9,250,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Class, pursuant to the PSLRA.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

54.   **Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

55.   <u>**Please Note**</u>:  The date and time of the Settlement Hearing may change without further written notice to Class Members.  The Court may decide to allow Class Members to appear at the hearing by phone, without further written notice to the Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members may participate by phone or video, it is important that you monitor the Court's docket and the case website, EQTSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the case website, EQTSecuritiesLitigation.com.  If the Court allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the case website, EQTSecuritiesLitigation.com.**

56.   The Settlement Hearing will be held on _____, 2025 at __:00 _.m., before the Honorable Robert J. Colville of the United States District Court for the Western District of Pennsylvania, either in person in Courtroom 8C of the Joseph F. Weis, Jr. U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219, or by telephone or videoconference, in the discretion of the Court.  At the Settlement Hearing, the Court will consider: (a) whether the proposed Settlement is fair, reasonable, and adequate to the Class, and should be finally approved; (b) whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (e) other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

57.   Any Class Member may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, electronically with the Court or by letter mailed to the Clerk's Office at the United States District Court for the Western District of Pennsylvania, at the address set forth below **on or before _____, 2025**.  You must also send the papers to Lead Counsel and Defendants' Counsel at the addresses set forth below so that the papers are ***received* on or before _____, 2025.**

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court Western District of Pennsylvania Clerk of the Court Joseph F. Weis, Jr. U.S. Courthouse 700 Grant Street Pittsburgh, PA 15219 | **Bernstein Litowitz Berger & Grossmann LLP** Adam H. Wierzbowski 1251 Avenue of the Americas, 44th Floor New York, NY 10020  -and-  **Cohen Milstein Sellers & Toll PLLC** Daniel S. Sommers S. Douglas Bunch 1100 New York Avenue, N.W. East Tower, Suite 800 Washington, DC 20005 | **Kirkland & Ellis LLP** Sandra C. Goldstein, P.C. 601 Lexington Avenue New York, NY 10022 |

58.    Any objection must include:  (a) the name of this proceeding, *In re EQT Corporation Securities Litigation*, Case No.: 2:19-cv-00754-RJC (W.D. Pa.); (b) the objector's full name, current address, email address (if applicable), and telephone number; (c) the objector's signature; (d) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (e) documents sufficient to prove membership in the Class, including documents showing (i) the number of shares of EQT common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale, and (ii) the number of shares of Rice common stock they held as of the record date of September 21, 2017 and were entitled to vote with respect to the Acquisition at the November 9, 2017 special meeting of Rice shareholders. The documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

59.    You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you previously excluded yourself from the Class or if you are not a member of the Class.

60.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

61.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office so that it is ***received*** **on or before _____, 2025**.  Such persons may be heard orally at the discretion of the Court.  Objectors who enter an appearance and desire to present evidence at the

Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

62.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court so that the notice is ***received* on or before _____, 2025**.

63.    The Settlement Hearing may be adjourned by the Court without further written notice to the Class, other than a posting of the adjournment on the case website, EQTSecuritiesLitigation.com.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

64.    **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT OR HELD EQT OR RICE COMMON STOCK ON SOMEONE ELSE'S BEHALF?

65.    In connection with the previously disseminated Class Notice, Nominees were advised that if, for the beneficial interest of persons or entities other than themselves, they (i) purchased or acquired EQT common stock during the Class Period; (ii) held EQT common stock as of September 25, 2017; (iii) held Rice common stock as of September 21, 2017; or (iv) acquired EQT common stock in exchange for shares of Rice common stock in connection with the November 2017 acquisition of Rice by EQT, they must either (a) provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to A.B. Data, Inc. ("A.B. Data"); or (b) send a copy of the Class Notice by email to all such beneficial owners for whom they had email addresses, and request from A.B. Data sufficient copies of the Class Notice to forward to all such beneficial owners for whom email addresses were not available, and then forward those Class Notices to all such beneficial owners.

66.    **If you previously provided the names and addresses of such beneficial owners identified above in connection with the Class Notice, and (i) those names and addresses remain current and (ii) you have no additional names and addresses for potential Class Members to provide to the Claims Administrator, *you need do nothing further at this time*.**  The Claims Administrator will mail the Settlement Notice and Claim Form (together, the "Settlement Notice Packet") to the beneficial owners whose names and addresses were previously provided in connection with the Class Notice.

67.    If you elected to mail or email the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action.  If you elected this option, the Claims Administrator will forward the same number of Settlement Notice Packets to you to send to the beneficial owners, **and you must mail and/or email the Settlement Notice Packet to those beneficial owners by no later than seven (7) calendar days after receipt of the Settlement Notice Packets.**  If you require more copies of the Settlement Notice Packet than you previously requested in connection with the Class Notice mailing, please contact the Claims Administrator, A.B. Data, toll-free at 1-877-388-1761, and let them know how many notices you require.

68.    If you have <u>not</u> already provided the names and addresses for all persons and entities on whose behalf you (i) purchased or acquired EQT common stock during the Class Period; (ii) held EQT common stock as of September 25, 2017; (iii) held Rice common stock as of September 21, 2017; or (iv) acquired EQT common stock in exchange for shares of Rice common stock in connection with EQT's November 2017 acquisition of Rice, or if you have additional names or updated or changed information, then the Court has ordered that you must, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS SETTLEMENT NOTICE, either: (i) send a list of the names, addresses, and, if available, email addresses of such beneficial owners to the Claims Administrator at *EQT Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173068, Milwaukee, WI 53217, in which event the Claims Administrator shall promptly mail the Settlement Notice Packet to such beneficial owners, or (ii) request from A.B. Data sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners, and mail the Settlement Notice Packets to the beneficial owners within seven (7) calendar days of receipt.  **AS STATED ABOVE, IF YOU HAVE ALREADY PROVIDED THIS INFORMATION IN CONNECTION WITH THE CLASS NOTICE, UNLESS THAT INFORMATION HAS CHANGED (*E.G.*, BENEFICIAL OWNER HAS CHANGED ADDRESS), IT IS UNNECESSARY TO PROVIDE SUCH INFORMATION AGAIN.**

69.    Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Reasonable expenses shall not exceed $0.05 plus postage at the pre-sort rate used by the Claims Administrator per Settlement Notice Packet mailed or $0.05 per Settlement Notice Packet emailed.  Such properly documented expenses incurred by nominees in compliance with these directions shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

70.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be reviewed by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.pawd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Western District of Pennsylvania, Joseph F. Weis, Jr. U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, EQTSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*EQT Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173068
Milwaukee, WI 53217

877-388-1761
info@EQTSecuritiesLitigation.com

or

Adam H. Wierzbowski
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
800-380-8496
settlements@blbglaw.com

Daniel S. Sommers
S. Douglas Bunch
COHEN MILSTEIN SELLERS
& TOLL PLLC
1100 New York Avenue, N.W.
East Tower, Suite 800
Washington, DC 20005
(202) 408-4600
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2025

By Order of the Court
United States District Court
Western District of Pennsylvania

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

71.     As discussed above, the Settlement Amount of $167,500,000 together with any interest earned thereon is the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants, i.e., members of the Class who timely submit valid Claim Forms that are accepted for payment by the Claims Administrator approved by the Court, in accordance with a plan of allocation to be adopted by the Court.  Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will nonetheless be bound by the Settlement.

72.     The Plan of Allocation (the "Plan") set forth herein is the plan that is being proposed to the Court for approval by Plaintiffs after consultation with their damages expert. The Court may approve the Plan with or without modification, or approve another plan of allocation, without further notice to the Class. Any Orders regarding a modification to the Plan will be posted to EQTSecuritiesLitigation.com. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan.  Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, or wrongdoing whatsoever.  Defendants further deny that Class Members were harmed or suffered any damages as a result of the conduct alleged in the Action.

73.     The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Action. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

74.     In this case, Plaintiffs allege that Defendants made materially false and misleading statements and omissions during the Class Period, which had the effect of artificially inflating the trading prices of EQT stock.  Plaintiffs allege that corrective information was released to the market, resulting in potentially recoverable damages ("Corrective Disclosure") on October 25, 2018, October 26, 2018, and June 19, 2019. Pursuant to this Plan of Allocation, Class Members may have a claim under Section 10(b) ("Section 10(b) Claims") of the Securities Exchange Act of 1934 ("Exchange Act"), Section 14(a) ("Section 14(a) Claims") of the Exchange Act, Section 20A ("Section 20A Claims") of the Exchange Act, or Section 11 ("Section 11 Claims") of the Securities Act of 1933 ("Securities Act").[2]

---

[2] In addition to these claims, Plaintiffs also asserted claims under Section 20(a) of the Exchange Act concerning certain Defendants' control of EQT when violations of Section 10(b) and Section 14(a) occurred; claims under Section 14(a) of the Exchange Act on behalf of holders of Rice common stock at the time of the vote on the Acquisition; and under Sections 12(a)(2) and 15 of the Securities Act. For purposes of this Plan of Allocation, (i) claims under Section 20(a) are subsumed under Section 10(b) and 14(a) calculations below; and (ii) claims under Section 14(a) of the Exchange Act for Rice shareholders

(a)     With regard to Section 10(b) Claims, the Plan of Allocation is intended to compensate investors who purchased or otherwise acquired EQT stock during the Class Period, held through the issuance of at least one Corrective Disclosure, and have a "Section 10(b) Recognized Loss Amount" as described below.

(b)     With regard to Section 14(a) Claims, the Plan of Allocation is intended to compensate investors who held EQT stock as of September 25, 2017 (the record date for purposes of voting on the Acquisition) and continued to hold those shares through the issuance of at least one Corrective Disclosure, and have a "Section 14(a) Recognized Loss Amount" as described below.

(c)     With regard to Section 20A Claims, the Plan of Allocation is intended to compensate investors who purchased or otherwise acquired EQT stock contemporaneously with Defendant Porges' alleged insider sales.

(d)     With regard to Section 11 Claims, the Plan of Allocation is intended to compensate investors who tendered their Rice stock for EQT stock pursuant to the Acquisition.

For each purchase or acquisition of EQT common stock, Authorized Claimants are entitled to receive only one Recognized Loss Amount, which will be the highest of their Section 10(b) Recognized Loss Amount, Section 14(a) Recognized Loss Amount, Section 20A Recognized Loss Amount, or Section 11 Recognized Loss Amount, for that purchase or acquisition.

75.     For Section 10(b) Claims and Section 14(a) Claims, the calculations below are based on estimated per-share inflation amounts for Class Period stock purchases and sales (as set forth in Table 1) as well as the statutory PSLRA 90-day look-back amount of $13.40 per share of EQT stock.[3] In developing the Plan of Allocation, Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the prices of EQT stock that was allegedly proximately caused by Defendants' allegedly materially false and misleading statements and omissions the Court previously found to be actionable. In calculating the estimated impact allegedly caused by those misrepresentations and omissions, Plaintiffs' damages expert considered the price changes in EQT stock in reaction to the public disclosures that allegedly corrected the alleged misrepresentation or omissions, adjusting the price changes for factors that were attributable to market or industry forces, and for non-fraud-related Company-specific information.[4]

---

and claims under Sections 12(a)(2) and 15 of the Securities Act are all subsumed under the calculations for Section 11 Claims below.

[3] "In any private action arising under this [Exchange Act] in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with §28(D)(e)(1) of the Exchange Act, Recognized Loss Amounts for EQT stock are reduced to an appropriate extent by taking into account the closing prices of EQT stock during the 90-day look-back period. The mean (average) closing price for EQT stock during this 90-day look-back period was $13.40 per share as shown in Table 2.

[4] In order to have recoverable damages under the federal securities laws, disclosures relating to the alleged misrepresentations and/or omissions must be a cause of the decline in the price of the security.

76.  Based on the formulas stated below, a Recognized Loss Amount will be calculated for each purchase or acquisition of EQT stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. Any transactions in EQT stock executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero. For each purchase or acquisition of EQT stock, Authorized Claimants are entitled to receive **only one** Recognized Loss Amount, which will be the largest of their Section 10(b) Recognized Loss Amount, Section 14(a) Recognized Loss Amount (if any), Section 20A Recognized Loss Amount (if any), and Section 11 Recognized Loss Amount (if any).

**Calculation of Recognized Loss Amount for Class Members with Section 10(b) Claims**

77.  For each share of EQT stock purchased or otherwise acquired during the Class Period and:

(a)      sold prior to October 25, 2018, the Section 10(b) Recognized Loss Amount will be $0.00;

(b)      sold from October 25, 2018 through June 18, 2019, inclusive, the Section 10(b) Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price minus the sale price;

(c)      sold from June 19, 2019 through and including the close of trading on September 16, 2019, the Section 10(b) Recognized Loss Amount will be ***the least of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), (ii) the purchase price minus the sale price, and (iii) the purchase price minus the average closing price between June 19, 2019 and the date of sale as stated in Table 2 below;

(d)      held as of the close of trading on September 16, 2019, the Section 10(b) Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price minus $13.40, the average closing price for EQT stock between June 19, 2019 and September 16, 2019 (the last entry in Table 2 below).

**Calculation of Recognized Loss Amount for Class Members with Section 14(a) Claims**

78.  For each share of EQT stock held as of September 25, 2017 (the record date for purposes of voting on the Acquisition), a Section 14(a) Recognized Loss Amount will be calculated as follows:[5]

(a)      sold prior to October 25, 2018, the Section 14(a) Recognized Loss Amount will be $0.00;

(b)      sold from October 25, 2018 through June 18, 2019, inclusive, the Section 14(a) Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price minus the sale price;

---

[5] For shares of EQT common stock that were purchased or acquired before June 19, 2017, the purchase date for determining the inflation decline under Table 1 shall be deemed to be June 19, 2017, and the purchase price shall be deemed to be $55.51 (the opening price on June 19, 2017).

(c)    sold from June 19, 2019 through and including the close of trading on September 16, 2019, the Section 14(a) Recognized Loss Amount will be ***the least of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), (ii) the purchase price minus the sale price, and (iii) the purchase price minus the average closing price between June 19, 2019 and the date of sale as stated in Table 2 below;

(d)    held as of the close of trading on September 16, 2019, the Section 14(a) Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price minus $13.40, the average closing price for EQT stock between June 19, 2019 and September 16, 2019 (the last entry in Table 2 below).

**Calculation of Recognized Loss Amount for Class Members with Section 20A Claims**

79.    For each share of EQT stock purchased or otherwise acquired from November 16, 2017 through November 20, 2017, inclusive,[6] and:

(a)    Sold prior to the close of trading on June 18, 2019, the Section 20A Recognized Loss Amount per share will be equal to the purchase price minus the sale price;

(b)    Retained at the end of June 18, 2019, the Section 20A Recognized Loss Amount per share will be $43.98 (the amount of loss per share Defendant Porges was alleged to have avoided based on his November 16, 2017 sale);

(c)    Should it be that the aggregate sum of all Section 20A Recognized Loss Amounts for all Authorized Claimants with Section 20A Claims is greater than $2,364,364.80 (the amount asserted to have been the amount of the loss avoided by the alleged insider sales) , then $2,364,364.80 will be allocated to Authorized Claimants with Section 20A Claims on a *pro rata* basis, and the Section 20A Recognized Loss Amount for each eligible purchase will be reduced accordingly.

**Calculation of Recognized Loss Amount for Class Members with Section 11 Claims**

80.    Claimants with Section 11 Claims are only those who tendered their Rice stock for EQT stock pursuant to the Acquisition. For each share of EQT stock acquired as a result of the tendering of Rice common stock in the Acquisition, and:

(a)    Sold prior to May 12, 2025 (the date of the Term Sheet for the Settlement), the Section 11 Recognized Loss Amount per share will be ***the lesser of***: (i) $64.92 (the price of EQT stock on the date of the Acquisition) minus the sale price, and (ii) $25.64 (the per-share decline after accounting for negative causation).

---

[6] For purposes of the Plan of Allocation only, the period of "contemporaneous" purchases with Defendant Porges's November 16, 2017 sale of EQT stock has been set at three trading days—November 16, 2017, November 17, 2017, and November 20, 2017.

(b)    Held as of the close of trading on May 12, 2025 (the date of the Term Sheet for the Settlement), the claim per share is $25.64 per share (the per-share decline after accounting for negative causation).

## ADDITIONAL PROVISIONS

81.    **Calculation of Claimant's "Recognized Claim":**   As noted above, for each purchase or acquisition of EQT common stock during the Class Period, a "Recognized Loss Amount" will be calculated, which will be the greatest of the Claimant's Section 10(b) Recognized Loss Amount, Section 14(a) Recognized Loss Amount, Section 20A Recognized Loss Amount, and Section 11 Recognized Loss Amount.  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts for all of the Claimant's purchases or acquisitions of EQT common stock during the Class Period.

82.    **FIFO Matching:**  For Class Members who held EQT stock at the beginning of the Class Period or made multiple purchases, acquisitions or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions and sales for purposes of calculating a claim. Under the FIFO method, sales of EQT stock during the Class Period will be matched, in chronological order, first against EQT stock held at the beginning of the Class Period. The remaining sales of EQT stock during the Class Period will then be matched, in chronological order, against EQT stock purchased or acquired during the Class Period.

83.    **"Purchase/Sale" Prices:** For the purposes of calculations under this Plan, "purchase price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

84.    **"Purchase/Sale" Dates:**  A purchase, acquisition, or sale of EQT stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of EQT common stock shall not be deemed a purchase, acquisition or sale of the security for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of the security unless (i) the donor or decedent purchased or otherwise acquired such EQT common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to that security; and (iii) it is specifically so provided in the instrument of gift or assignment.

85.    **Short Sales:** The Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero. In the event that a Claimant has an opening short position in EQT common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such an opening short position in accordance with the FIFO matching described above, and any portion of such purchases or acquisitions that cover such short sales will not be entitled to recovery. In the event that a Claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

86.    **Shares Purchased/Sold Through the Exercise of Options:** EQT common stock is the only security eligible for recovery under the Plan. Option contracts to purchase or sell EQT common stock are not securities eligible to participate in the Settlement. With respect to EQT common stock purchased or sold through the exercise of an option, the purchase/sale date of such shares is the exercise date of the option and the purchase/sale price is the exercise price of the option.

87.    A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in EQT stock described above during the Class Period are subtracted from all losses. However, the proceeds from sales of EQT stock that have been matched against EQT stock held at the beginning of the Class Period will not be used in the calculation of such net loss. If a Claimant had a market gain with respect to his, her, or its overall transactions in EQT common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall market loss with respect to their overall transactions in EQT stock during the Class Period but that market loss was less than the Claimant's total Recognized Claim calculated above, then the Claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a Claimant had a market gain, or suffered a market loss, with respect to a Claimant's overall transactions of EQT stock during the Class Period, the Claims Administrator will determine the difference between the claimant's (i) Total Purchase Amount[7] and (ii) the sum of the Total Sales Proceeds[8] and Total Holding Value.[9]

88.    **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claim. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. Distributions will be rounded to the nearest penny ($0.01).

89.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.  Those funds will be included in the distribution to Authorized Claimants whose Distribution Amount is $10.00 or more.

90.    Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still

---

[7] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for EQT common stock purchased or otherwise acquired during the Class Period.

[8] The Claims Administrator will match any sales of EQT common stock from the start of the Class Period through and including the close of trading on June 17, 2019 first against the Claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of EQT common stock sold from the start of the Class Period through and including the close of trading on June 17, 2019 will be the "Total Sales Proceeds."

[9] The Claims Administrator will ascribe a holding value equal to $15.16 for each share of EQT common stock purchased or acquired during the Class Period and still held as of the close of trading on June 17, 2019. A Claimant's total holding values for EQT stock acquired during the Class Period that were still held as of the close of trading on June 17, 2019 shall be the Claimant's "Total Holding Value."

remains in the Net Settlement Fund shall be donated to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

91.    Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Claimants. Defendants, their respective counsel, and all other Defendants' Releasees will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages experts, the Defendants, Defendants' Counsel, any of the other Plaintiffs' Releasees or Defendants' Releasees, the Claims Administrator or other agent designated by Lead Counsel based on distributions made substantially in accordance with: the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

### TABLE 1

**Decline in Inflation Per Share by Date of Purchase and Date of Sale**

| Purchase Date | Sale Date | | | |
|---|---|---|---|---|
| | 6/19/2017 - 10/24/2018 | 10/25/2018 | 10/26/2018 - 6/18/2019 | Sold on or Retained Beyond 6/19/2019 |
| 6/19/2017 - 10/24/2018 | $0.00 | $4.91 | $6.86 | $7.57 |
| 10/25/2018 | | $0.00 | $1.95 | $2.66 |
| 10/26/2018 - 6/17/2019 | | | $0.00 | $0.71 |
| Purchased on or Beyond 6/18/2019 | | | | $0.00 |

**TABLE 2**

**EQT Stock Closing Prices and Average Closing Prices**

| Date | Stock Closing Price | Average Closing Price Between June 19, 2019 and Date Shown | Date | Stock Closing Price | Average Closing Price Between June 19, 2019 and Date Shown |
|------|------|------|------|------|------|
| 6/19/2019 | $15.16 | $15.16 | 8/2/2019 | $13.35 | $15.11 |
| 6/20/2019 | $15.55 | $15.36 | 8/5/2019 | $13.07 | $15.05 |
| 6/21/2019 | $15.23 | $15.31 | 8/6/2019 | $12.54 | $14.97 |
| 6/24/2019 | $15.38 | $15.33 | 8/7/2019 | $12.41 | $14.90 |
| 6/25/2019 | $14.39 | $15.14 | 8/8/2019 | $12.61 | $14.84 |
| 6/26/2019 | $14.79 | $15.08 | 8/9/2019 | $12.09 | $14.76 |
| 6/27/2019 | $14.43 | $14.99 | 8/12/2019 | $12.17 | $14.70 |
| 6/28/2019 | $15.81 | $15.09 | 8/13/2019 | $12.30 | $14.63 |
| 7/1/2019 | $16.07 | $15.20 | 8/14/2019 | $11.81 | $14.56 |
| 7/2/2019 | $15.08 | $15.19 | 8/15/2019 | $11.77 | $14.49 |
| 7/3/2019 | $15.06 | $15.18 | 8/16/2019 | $12.36 | $14.44 |
| 7/5/2019 | $15.47 | $15.20 | 8/19/2019 | $12.60 | $14.40 |
| 7/8/2019 | $15.08 | $15.19 | 8/20/2019 | $12.29 | $14.35 |
| 7/9/2019 | $15.66 | $15.23 | 8/21/2019 | $11.86 | $14.30 |
| 7/10/2019 | $15.94 | $15.27 | 8/22/2019 | $11.35 | $14.23 |
| 7/11/2019 | $15.37 | $15.28 | 8/23/2019 | $10.35 | $14.15 |
| 7/12/2019 | $15.82 | $15.31 | 8/26/2019 | $10.26 | $14.07 |
| 7/15/2019 | $15.62 | $15.33 | 8/27/2019 | $9.82 | $13.98 |
| 7/16/2019 | $15.12 | $15.32 | 8/28/2019 | $10.19 | $13.91 |
| 7/17/2019 | $14.96 | $15.30 | 8/29/2019 | $10.75 | $13.85 |
| 7/18/2019 | $15.25 | $15.30 | 8/30/2019 | $10.17 | $13.77 |
| 7/19/2019 | $15.45 | $15.30 | 9/3/2019 | $10.02 | $13.70 |
| 7/22/2019 | $15.53 | $15.31 | 9/4/2019 | $10.58 | $13.65 |
| 7/23/2019 | $15.67 | $15.33 | 9/5/2019 | $10.90 | $13.60 |
| 7/24/2019 | $15.92 | $15.35 | 9/6/2019 | $10.68 | $13.54 |
| 7/25/2019 | $14.82 | $15.33 | 9/9/2019 | $11.75 | $13.51 |
| 7/26/2019 | $14.31 | $15.29 | 9/10/2019 | $11.81 | $13.48 |
| 7/29/2019 | $13.65 | $15.24 | 9/11/2019 | $12.33 | $13.46 |
| 7/30/2019 | $14.75 | $15.22 | 9/12/2019 | $12.29 | $13.44 |
| 7/31/2019 | $15.11 | $15.22 | 9/13/2019 | $12.16 | $13.42 |
| 8/1/2019 | $13.72 | $15.17 | 9/16/2019 | $12.16 | $13.40 |

# Exhibit A-2

Exhibit A-2

***EQT Securities Litigation***
**Toll-Free Number: (877) 388-1761**
**Email:  info@EQTSecuritiesLitigation.com**
**Website: EQTSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, or submit it online at EQTSecuritiesLitigation.com, with supporting documentation, *postmarked* **(if mailed) or received no later than [_____], 2025**.

## Mail to:

***EQT Securities Litigation***
**c/o A.B. Data, Ltd.**
**P.O. Box 173068**
**Milwaukee, WI 53217**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN EQT CORPORATION COMMON STOCK (NYSE: EQT, CUSIP: 26884L109)** | **6** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **7** |

# PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name                                    Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name                                    Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (e.g., Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

Address (Second line, if needed)

City                                    State/Province    Zip Code

Foreign Postal Code (if applicable)        Foreign Country (if applicable)

Telephone Number (Day)                    Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)       ☐ Corporation    ☐ UGMA Custodian    ☐ IRA

☐ Partnership        ☐ Estate         ☐ Trust             ☐ Other (describe: _____)

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read the Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice.  The Settlement Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Settlement Notice.  If you are not a Class Member (see the definition of the Class on page [__] of the Settlement Notice), or if you, or someone acting on your behalf, submitted a request for exclusion from the Class in connection with the previously disseminated Class Notice and are listed on Appendix A to the Stipulation and Agreement of Settlement, do not submit a Claim Form.  **You may not, directly or indirectly, participate in the Settlement if you are not a Class Member.**  If you are excluded from the Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice or by such other plan of allocation as the Court approves.**

4.      On the Schedule of Transactions in Part III of this Claim Form, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of EQT Corporation ("EQT") common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      **Notice to Rice Shareholders:**  Please note that holders of Rice Energy, Inc. ("Rice") common stock as of the record date of September 21, 2017 who were entitled to vote with respect to EQT's Acquisition of Rice at the November 9, 2017 special meeting of Rice shareholders are members of the Class.  These Class Members asserted a Section 14(a) claim against Defendants concerning alleged misstatements made in connection with the Acquisition.  However, to be damaged by those alleged misstatements, those Rice shareholders must have held their Rice shares through the date of the Acquisition and received EQT shares in exchange for their Rice shares.  Therefore, to calculate Class Members' claims, the Claim Form only needs to collect information on transactions in EQT shares (including EQT shares acquired in exchange for Rice shares).

6.      **Please note**:  Only purchases or acquisitions of EQT common stock from June 19, 2017 through June 17, 2019, inclusive, or shares of EQT held as of September 25, 2017 are eligible under the Settlement and the proposed Plan of Allocation set forth in the Settlement Notice.  However, sales of EQT common stock during the period from June 18, 2019 through May 12, 2025 may be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during this period must also be provided.

7.     You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of EQT common stock set forth in the Schedule of Transactions in Part III. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in EQT common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS.

8.     **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

9.     Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of EQT common stock. The complete name(s) of the beneficial owner(s) must be entered. If you held the EQT common stock in your own name, you were the beneficial owner as well as the record owner. If, however, your shares of EQT common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners, each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

10.     **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in EQT common stock during the relevant time periods made on behalf of a single beneficial owner.

11.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the EQT common stock; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

12.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the EQT common stock you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

13.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

14.    Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

15.    **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

16.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@EQTSecuritiesLitigation.com, or by toll-free phone at (877) 388-1761, or you can visit the website, EQTSecuritiesLitigation.com, where copies of the Claim Form and Settlement Notice are available for downloading.

17.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the settlement website at EQTSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@EQTSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* ¶ 9 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email confirming receipt of your submission.  **Do not assume that your file has been received until you receive that email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@EQTSecuritiesLitigation.com to inquire about your file and confirm it was received.**

## IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (877) 388-1761.**

## PART III – SCHEDULE OF TRANSACTIONS IN EQT COMMON STOCK

Use the schedule below to provide the requested information concerning your transactions and holdings in EQT Corporation ("EQT") common stock (**Ticker: NYSE: EQT, CUSIP: 26884L109**). Do not include information regarding any other securities in this section. Please include proper documentation with your Claim Form as described in Part II – General Instructions, ¶ 6, above.

| **1. HOLDINGS AS OF JUNE 19, 2017** – State the total number of shares of EQT common stock held as of the opening of trading on June 19, 2017. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ☐ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM JUNE 19, 2017 THROUGH JUNE 17, 2019** – Separately list each and every purchase or acquisition (including free receipts) of EQT common stock from June 19, 2017 through the close of trading on June 17, 2019. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any taxes, commissions, and fees) | Check if acquired for Rice shares on or about 11/13/17 | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|---|
| /    / | | $ | $ | ☐ | ☐ |
| /    / | | $ | $ | ☐ | ☐ |
| /    / | | $ | $ | ☐ | ☐ |
| /    / | | $ | $ | ☐ | ☐ |

| **3. PURCHASES/ACQUISITIONS FROM JUNE 18, 2019 THROUGH MAY 12, 2025** – State the total number of shares of EQT common stock purchased or acquired (including free receipts) from June 18, 2019 through the close of trading on May 12, 2025. If none, write "zero" or "0." _____ |
|---|

| **4. SALES FROM JUNE 19, 2017 THROUGH MAY 12, 2025** – Separately list each and every sale or disposition (including free deliveries) of EQT common stock from June 19, 2017 through the close of trading on May 12, 2025. (Must be documented.) | **IF NONE, CHECK HERE** ☐ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

| **5. HOLDINGS AS OF MAY 12, 2025** – State the total number of shares of EQT common stock held as of the close of trading on May 12, 2025. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ☐ |
|---|---|

> **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

### YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 8 OF THIS CLAIM FORM.

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') current and former heirs, executors, administrators, predecessors, successors, assigns, officers, directors, principals, partners, members, trustees, estates, attorneys, legal representatives, agents, and employees, in their capacities as such; their respective current and former direct and indirect parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and shareholders, in their capacities as such; anyone validly claiming through or on behalf of any of them; and any other person or entity legally entitled to bring a Released Plaintiffs' Claim on behalf of a Class Member, in that capacity, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants and other Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.     that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.     that the claimant(s) is a (are) Class Member(s), as defined in the Settlement Notice, and is (are) not excluded by definition from the Class as set forth in the Settlement Notice;

3.     that the claimant(s) did ***not*** submit a request for exclusion from the Class in connection with the previously disseminated Class Notice;

4.     that I (we) own(ed) the EQT common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.     that the claimant(s) has (have) not submitted any other claim covering the same purchases of EQT common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.     that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.     that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.      that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                                                                Date

_____

Print claimant name here

_____

Signature of joint claimant, if any                                                                              Date

_____

Print joint claimant name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____

Signature of person signing on behalf of claimant                                                   Date

_____

Print name of person signing on behalf of claimant here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see ¶ 11 on page 4 of this Claim Form.)

## REMINDER CHECKLIST

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (877) 388-1761.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@EQTSecuritiesLitigation.com, or by toll-free phone at (877) 388-1761, or you may visit EQTSecuritiesLitigation.com.  DO NOT call EQT or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL OR SUBMITTED ONLINE AT EQTSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN [_____], 2025**.  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*EQT Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173068
Milwaukee, WI 53217

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before **[_____], 2025**, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# Exhibit A-3

Exhibit A-3

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

*In re EQT Corporation Securities Litigation*

Case No. 2:19-cv-00754-RJC

## SUMMARY NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:  all persons and entities who:**

**(i) purchased the common stock of EQT Corporation ("EQT") from June 19, 2017 through June 17, 2019 (the Class Period);**

**(ii) held EQT shares as of the record date of September 25, 2017 and were entitled to vote with respect to EQT's acquisition (the "Acquisition") of Rice Energy Inc. ("Rice") at the November 9, 2017 special meeting of EQT shareholders;**

**(iii) held Rice shares as of the record date of September 21, 2017 and were entitled to vote with respect to the Acquisition at the November 9, 2017 special meeting of Rice shareholders; and/or**

**(iv) acquired the common stock of EQT in exchange for their shares of Rice common stock in connection with the Acquisition,**

**and were damaged thereby (collectively, the "Class")[1]:**

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Western District of Pennsylvania, that Lead Plaintiffs Government of Guam Retirement Fund, Eastern Atlantic States Carpenters Annuity Fund (f/k/a Northeast Carpenters Annuity Fund), and Eastern Atlantic States Carpenters Pension Fund (f/k/a Northeast Carpenters Pension Fund), and additional Plaintiff Cambridge Retirement System (collectively, "Plaintiffs"), on behalf of themselves and the Court-certified Class, have reached a proposed settlement of the above-captioned securities class action (the "Action") for **$167,500,000** in cash (the "Settlement").  If approved, the Settlement will

---

[1] Certain persons and entities are excluded from the Class by definition or prior request, as set forth in the full Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at EQTSecuritiesLitigation.com.

resolve all claims in the Action.  Defendants[2] deny all allegations in the Action and deny any violations of the federal securities laws.

A hearing will be held on _____, 2025, at __:__ __.m., before the Honorable Robert J. Colville of the United States District Court for the Western District of Pennsylvania, either in person in Courtroom 8C of the Joseph F. Weis, Jr. U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219, or by telephone or videoconference, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in the Settlement Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's motion for attorneys' fees and litigation expenses should be approved.  You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund**.  If you have not yet received the Settlement Notice and the Proof of Claim and Release Form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at: *EQT Securities Litigation*, c/o A.B. Data, Ltd., P.O. 173068, Milwaukee, WI 53217; (877) 388-1761; info@EQTSecuritiesLitigation.com.  Copies of the Settlement Notice and Claim Form can also be downloaded from the case website, EQTSecuritiesLitigation.com.

If you are a member of the Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form *postmarked* **(if mailed) or online by no later than** _____, 2025.  To submit a claim online, visit EQTSecuritiesLitigation.com.  If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to receive payment from the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and litigation expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than** _____, 2025, in accordance with the instructions set forth in the Settlement Notice.

**Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

---

[2] "Defendants" are: EQT, Steven T. Schlotterbeck, Robert J. McNally, David L. Porges, David E. Schlosser, Jr., Jimmi Sue Smith, James E. Rohr, Vicky A. Bailey, Philip G. Behrman, Kenneth M. Burke, A. Bray Cary, Jr., Margaret K. Dorman, Lee T. Todd, Jr., Christine J. Toretti, Daniel J. Rice IV, and Robert F. Vagt.  Other capitalized terms not otherwise defined herein shall have the meaning set forth in the Stipulation and Agreement of Settlement dated June 25, 2025 ("Stipulation").  The Stipulation can be viewed at EQTSecuritiesLitigation.com.

Requests for the Settlement Notice and Claim Form should be made to:

*EQT Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173068
Milwaukee, WI 53217

(877) 388-1761
info@EQTSecuritiesLitigation.com
EQTSecuritiesLitigation.com

Inquiries, other than requests for the Settlement Notice and Claim Form, should be made to Lead Counsel:

Adam H. Wierzbowski
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
(800) 380-8496
settlements@blbglaw.com

Daniel S. Sommers
S. Douglas Bunch
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
East Tower, Suite 800
Washington, DC 20005
(202) 408-4600
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com

By Order of the Court

3

# Exhibit B

<div align="right">**Exhibit B**</div>

<div align="center">

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

</div>

| |
|---|
| *In re EQT Corporation Securities Litigation* |

Case No. 2:19-cv-00754-RJC

<div align="center">

**[PROPOSED] FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION
SETTLEMENT**

</div>

WHEREAS, a securities class action is pending in this Court entitled *In re EQT Corporation Securities Litigation*, Case No.: 2:19-cv-00754-RJC (the "Action");

WHEREAS, by Order dated August 11, 2022 (ECF No. 257), the Court certified the Action to proceed as a class action on behalf of all persons and entities who: (i) purchased the common stock of EQT Corporation ("EQT") during the period from June 19, 2017 through June 17, 2019, inclusive (the "Class Period"); (ii) held EQT shares as of the record date of September 25, 2017 and were entitled to vote with respect to the Acquisition at the November 9, 2017 special meeting of EQT shareholders; (iii) held Rice shares as of the record date of September 21, 2017 and were entitled to vote with respect to the Acquisition at the November 9, 2017 special meeting of Rice shareholders; and/or (iv) acquired the common stock of EQT in exchange for their shares of Rice common stock in connection with the Acquisition, and were damaged thereby.[1]  The Court also appointed Lead Plaintiffs Government of Guam Retirement Fund, Eastern Atlantic States Carpenters Annuity Fund (f/k/a Northeast Carpenters Annuity Fund), and Eastern Atlantic States

---

[1] Excluded from the Class are Defendants, the directors and Officers of EQT, members of their Immediate Families, and affiliates (as defined in 17 C.F.R. § 230.405). Also excluded from the Class are all persons and entities who requested exclusion from the Class in connection with the mailing of the Notice of Pendency of Class Action as set forth in Appendix A to the Stipulation and Agreement of Settlement dated June 25, 2025 (the "Stipulation").

Carpenters Pension Fund (f/k/a Northeast Carpenters Pension Fund), and additional Plaintiff Cambridge Retirement System as Class Representatives for the Class, and appointed Lead Counsel Bernstein Litowitz Berger & Grossmann LLP and Cohen Milstein Sellers & Toll PLLC as Class Counsel for the Class;

WHEREAS, by Order dated August 18, 2023 (ECF No. 305), the Court approved the proposed form and content of the Class Notice to be disseminated to the Class Members to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) Class Members' right to request to be excluded from the Class by November 17, 2023, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion; and approved the method of dissemination of the Class Notice;

WHEREAS, the Class Notice was mailed beginning on September 18, 2023 to all potential Class Members who could be identified through reasonable effort, resulting in the mailing of 121,654 copies of the Class Notice, and ten (10) requests for exclusion from the Class were received by November 17, 2023 (ECF No. 318, at ¶¶ 4-5, 8, 12);

WHEREAS, Plaintiffs, on behalf of themselves and the Class; and (b) defendant EQT and defendants Steven T. Schlotterbeck, Robert J. McNally, David L. Porges, David E. Schlosser, Jr., Jimmi Sue Smith, James E. Rohr, Vicky A. Bailey, Philip G. Behrman, Kenneth M. Burke, A. Bray Cary, Jr., Margaret K. Dorman, Lee T. Todd, Jr., Christine J. Toretti, Daniel J. Rice IV, and Robert F. Vagt (collectively, the "Individual Defendants," and together with EQT, "Defendants," and, together with Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated June 25, 2025 (the "Stipulation"), that provides for a complete dismissal with

prejudice and release of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____, 2025 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____, 2025 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **<u>Jurisdiction</u>** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on June __, 2025; and (b) the Settlement Notice and Summary Settlement Notice, which were filed with the Court on _____, 2025.

3.      **Notice** – The Court finds that the dissemination of the Settlement Notice and Claim Form and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; and (vi) their right to appear at the Settlement Hearing; (c) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (d) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

4.      **CAFA Notice** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

5.      **Objections** – [There have been no objections to the Settlement.]

6.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with

prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class.  Specifically, the Court finds that: (a) Plaintiffs and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

9. **Releases** – The Releases set forth in paragraphs 4, 5, and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date, Plaintiffs' Releasors shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved,

relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants or the other Defendants' Releasees.

(b)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date, Defendants' Releasors shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs or the other Plaintiffs' Releasees.

(c)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date, Contribution Claims shall be barred.

10.     Notwithstanding paragraphs 9(a) – (c) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.     **No Admissions** – Defendants deny any wrongdoing, liability, or violation of law or regulation whatsoever, and neither this Judgment, the Term Sheet, the Stipulation, including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that

may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

    (a)    shall be offered against any of the Defendants or the other Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the other Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the other Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants or the other Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

    (b)    shall be offered against any of the Plaintiffs or the other Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs or the other Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or the other Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil,

criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and any other of the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

14.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs,

the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of May 12, 2025, as provided in the Stipulation.

16.     **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2025.


_____
The Honorable Robert J. Colville
United States District Judge